**STARR COUNTY, Appellant,**

v.

**STARR INDUSTRIAL SERVICES, INC., Appellee.**

No. 12899.

Court of Civil Appeals of Texas, Austin.

June 20, 1979.

Robert Wilson, McGinnis, Lochridge & Kilgore, Austin, for appellant.

Edward C. Small, Dennis R. Reese, Small, Craig & Werkenthin, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellee filed an application with the Texas Water Quality Board requesting approval for a Class I industrial solid waste permit for a landfill to be located in Starr County, Texas. The Board [1] denied the application after a hearing. Appellee appealed the denial of the order to the district court wherein Starr County intervened.

The trial court reviewed the order and rendered judgment setting aside and vacating the Board's order and remanding the cause to its successor, Texas Water Commission, for further proceedings. Intervenor, Starr County, subsequently perfected its appeal from the judgment.

We affirm.

I.

Hearing was held on September 29, 1976, in Rio Grande City and testimony was concluded on that same day. The record was held open twenty days for certain supplemental information which was supplied and the record was then closed.

On January 7, 1977, the Board considered the application and the hearing examiner's report in connection with the application. On that same day the Board voted to deny the application and a written order was prepared in which the reasons for the denial of the permit were stated. The order was entered February 3, 1977.

The administrative record in this case is extensive and highly detailed. Appellee requested a permit to operate a commercial industrial solid waste management site to be located approximately nine miles northwest of Rio Grande City in Starr County, Texas. The site was to consist of a landfill type operation on an 81–acre tract leased by appellee wherein certain stabilized and neutralized industrial wastes would be buried in trenches and surrounded and covered

---

1. Now consolidated into the Texas Department of Water Resources.

with clay-rich soil. The anticipated active life of the site was three to four years, and the permit sought provided for various safeguards and monitoring of the site, both during its active life and for a period of time after closure.

The original application contained extensive and detailed information concerning the character of the wastes, operations and closing of the facility. The details of many aspects of the application were modified and supplemented by additional information and specifications subsequently submitted as a result of conferences with, and requests by, the Board's staff.

The Board's technical staff, using the application and information supplied by appellee, along with its own information resources, drafted a proposed permit which it felt would include all of the provisions necessary for the protection of ground and surface waters, public and private property and the general health and public welfare. The provisions of the proposed permit were explained by the staff and fully discussed at the public hearing which was held at Rio Grande City.

The principal opposition to the permit came from the county judge of Starr County, the Rio Grande City Chamber of Commerce, and from a state senator. The general tenor of the objections was that the opponents were totally against any Class I toxic waste dump in Starr County.

Consequently, in a letter from the Board's executive director, Hugh Yantis, Jr., who was a member of the hearing commission, it was stated: "It appears that the site and the technical factors surrounding it are sustainable as permitting an industrial solid waste disposal operation," but concluded that the application could be denied "on the basis of the express views of the people within the county." At the hearing of the Board on January 7, 1977, a Board member moved that the permit be denied for the reason that:

"I likewise am reluctant to imply that we have veto power over the local government and I must conclude, all the arguments possibly to the contrary, that there is considerable local opposition on the part of the local governments, more than just one, and I'm inclined to agree with Mr. Yantis."

The motion carried and the permit was denied.

A written order, denying the application, was entered on February 3, 1977, and included the following pertinent findings and conclusions.

"FINDINGS OF FACT

1. The construction and management of the industrial solid waste disposal site as proposed is inadequate to prevent or minimize adverse public health and environmental impact from accidents resulting from the transportation, processing, and disposal of industrial solid waste, which includes hazardous and toxic materials, because of the following:

(a) the proposed staffing pattern at the site would allow for extended periods of time during which no one would be at the site; and

(b) the lack of resources or necessary equipment in Starr County to adequately handle the possibility of accidents from fire, explosions, or traffic mishaps.

2. The lease agreement for a term of only five years will not allow for adequate supervision, control or monitoring of the site after it is closed.

3. The operation of an industrial solid waste management site in Starr County at the location proposed is inconsistent with the future land use and development in the area.

4. The adamant local opposition to the application for a proposed industrial solid waste management site evidences that the granting of a permit would be contrary to the welfare of the people in the area.

\*      \*      \*      \*      \*      \*

CONCLUSIONS OF LAW

Based on all findings of fact, the following conclusions of law are made:

\*      \*      \*      \*      \*      \*

3. There has been full compliance with all applicable provisions of Chapter 21 of the *Texas Water Code* and Section 4 of the *Solid Waste Disposal Act* and the accompanying *Rules of Practice and Procedure* of the Texas Water Quality Board concerning the application for a permit."

In its motion for rehearing, appellee offered to comply with some of the new requirements, but the Board simply overruled the motion.

II.

The Administrative Procedure and Texas Register Act (APA) provides that the courts shall remand the case for further proceedings ". . . if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) *not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or*

(6) *arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.*" (Emphasis added). Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e) (Supp.1978).[2]

In distinguishing between paragraphs five and six, the legislature has decided that arbitrary and capricious action or abuse of discretion by an administrative board is of equal proscription as that action "not reasonably supported by substantial evidence." In other words, subsection six sets out a basis for invalidation of an agency order in addition to and distinct from subsection five.

This conclusion is more difficult than would appear merely from reading section 19(e). The well recognized explanation of the substantial evidence rule has blended the two concepts, substantial evidence and arbitrary or capricious, into one standard of review. The substantial evidence rule is generally described as a limitation on the power of the courts to overturn a decision by an administrative agency in that there must be a showing ". . . the administrative decision is illegal, arbitrary, or capricious; that is, that it is not reasonably supported by substantial evidence." *Board of Firemen's Relief and Retirement Fund Trustees v. Marks*, 150 Tex. 433, 242 S.W.2d 181, 182–83 (1951). Accord, e. g., *Gerst v. Cain*, 388 S.W.2d 168 (Tex.1965); *Chemical Bank and Trust Co. v. Falkner*, 369 S.W.2d 427 (Tex.1963); *Industrial Accident Board v. O'Dowd*, 157 Tex. 432, 303 S.W.2d 763 (1957). Stated in even stronger language, ". . . an arbitrary action cannot stand and the test generally applied by the courts in determining the issue of arbitrariness is whether or not the administrative order is reasonably supported by substantial evidence." *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex.1966).

The Texas Supreme Court has expressly qualified the language of *Gerst v. Nixon*, supra, in *Lewis v. Metropolitan Savings and Loan Association*, 550 S.W.2d 11 (Tex.1977). There the Court made it clear that an order may be supported by substantial evidence and yet be invalid for arbitrariness. "[A]rbitrary action of an administrative agency cannot stand. There is arbitrariness where the treatment accorded parties in the administrative process denies them due process of law." *Id.* at 16.

In determining whether an agency has acted arbitrarily or capriciously the reviewing court must decide whether the agency order was based on a consideration of all relevant factors. The reviewing court may not substitute its judgment for that of

2. Section 19(e) (and its subsections) is applicable where the relevant statute ". . . authorizes review under the substantial evidence rule, or where the law does not define the scope of judicial review." The Solid Waste Disposal Act is silent as to the scope of judicial review; therefore, section 19(e) applies to this case.

the agency. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). There must appear a rational connection between the facts and the decision of the agency. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); 5 B. Mezines, J. Stein and J. Gruff, *Administrative Law* § 51.03, at 51–33 (1979). Stated differently, the reviewing court must remand ". . . if it concludes that the agency has not actually taken a hard look at the salient problems and has not genuinely engaged in reasoned decision-making." *Texas Medical Association v. Mathews,* 408 F.Supp. 303, 305 (W.D. Tex.1976). That court set aside an order because the agency had been subjected to pressure from congressional sources.

The major factor that runs throughout arbitrary-capricious review cases is that parties must be able to know what is expected of them in the administrative process. We believe this notice was lacking in the present case.

█ As we stated above, the appellee worked quite closely with the Board's staff, and, apparently, had complied with all of the staff's requirements for a permit when, to its surprise, the Board denied the permit citing additional requirements that had neither been expected by appellee nor proposed by the Board's staff. In addition, the Board found: "The adamant local opposition to the application for a proposed industrial solid waste management site evidences that the granting of a permit would be contrary to the welfare of the people in the area." Nowhere in the Act is local opposition mentioned for consideration as a standard to govern the Board's decision and such opposition, standing alone, should have no part in the Board's decision-making process. Yet obviously it did.

█ Inasmuch as we find that a significant part of the Board's action herein was arbitrary and capricious under Section 19(e)(6) of the Administrative Procedure Act, we need not reach the substantial evidence question raised by appellant. Because appellee's substantial rights were prejudiced by entry of the agency order, the district court correctly set aside the order and remanded the cause to the agency for further proceedings.

The judgment is affirmed.