CONSUMERS WATER, INC., Appellant,

v.

PUBLIC UTILITY COMMISSION OF TEXAS, Appellee.

No. 14509.

Court of Appeals of Texas, Austin.

June 28, 1989.

Robert L. Burns, Sears and Burns, Houston, for appellant.

Jim Mattox, Atty. Gen., Stephen J. Davis, Asst. Atty. Gen., Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

GAMMAGE, Justice.

Consumers Water, Inc. (Consumers) appeals from a district court judgment sustaining an order of the Public Utility Commission of Texas (the Commission) fixing Consumers' water and sewer rates; and ordering refunds to customers, various repairs and installations. We will reverse the judgment of the district court and remand the cause for further proceedings.

Consumers applied on October 5, 1982, for a 40% rate increase. On October 15, the Commission suspended the increase pursuant to the Public Utility Regulatory Act, Tex.Rev.Civ.Stat.Ann. art. 1446c, § 43(d) (Supp.1989) (PURA). On October 29, the Commission fixed interim rates at an approximately 14% increase. Subsequent hearings occurred on February 28, and March 1 and 2, 1983. Using base figures from a previous "docket," the hearings examiner filed her report on May 11, 1983, recommending denial of Consumers requested increase and recommending a decrease in monthly flat rates. The examiner also recommended Consumers be ordered to refund to its customers the difference between the interim rates and the suggested rates, and recommended that various improvements be ordered. The Commission adopted the examiner's report in its final order of June 1, 1983. On January 6,

1984, the district court heard Consumers appeal and sustained the Commission's order on April 11, 1985.

Consumers appealed the district court judgment pursuant to PURA § 69, and the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e) (Supp.1989) (APTRA). The Commission filed a cross-point suggesting the court lacked jurisdiction because Consumers failed to timely file a motion for rehearing in the agency. This Court dismissed the administrative appeal for lack of jurisdiction, 707 S.W.2d 129, and the Supreme Court reversed our judgment and remanded the case to this Court for disposition of the remaining points of error, 741 S.W.2d 348.

■ In its first and second points of error, Consumers complains of the Commission's omission of findings of fact in its final order on the factors of current cost of Consumers' property, adjustments for age and condition of such property, and adjusted value of invested capital. PURA § 41(a). Consumers contends the omission was arbitrary and capricious and, therefore, reversible error under APTRA § 19(e)(6). We agree. In determining whether an agency act or omission is arbitrary and capricious, a reviewing court must ascertain whether the agency abused its discretion by basing its decision on legally irrelevant factors, or by omitting to consider legally relevant factors—those the Legislature intended the agency to consider in reaching its decision in cases like the one in question. *Gerst v. Nixon*, 411 S.W.2d 350, 360, n. 8 (Tex.1966); *Starr County v. Starr Indus. Services, Inc.*, 584 S.W.2d 352 (Tex.Civ.App.1979, writ ref'd n.r.e.).

In PURA § 40(a), the Legislature prohibited the Commission to "prescribe any rate which will yield more than a fair return upon the adjusted value of invested capital used and useful in rendering service to the public." In PURA § 41, the Legislature explicitly prescribed the "rules" and factors to be considered by the agency in arriving at its estimate of adjusted value of invested capital:

Sec. 41. The components of adjusted value of invested capital *shall* be determined according to the following rules:

Adjusted Value of Invested Capital. Utility rates *shall* be based upon the adjusted value of property used by and useful to the public utility in providing service[,] including where necessary to the financial integrity of the utility[,] construction work in progress at cost as recorded on the books of the utility. The adjusted value of such property *shall* be a reasonable balance between original cost less depreciation and current cost less an adjustment for both present age and condition. The [Commission] shall have the discretion to determine a reasonable balance that reflects not less than 60% nor more than 75% original cost, that is, the actual money cost, or the actual money value of any consideration paid other than money, of the property at the time it shall have been dedicated to public use, whether by the utility which is the present owner or by a predecessor, less depreciation, and not less than 25% nor more than 40% current cost less an adjustment for both present age and condition. The [Commission] may consider inflation, deflation, quality of service being provided, the growth rate of the service area, and the need for the public utility to attract new capital in determining a reasonable balance.

PURA § 41(a) (emphasis added).

Consumers offered evidence of the adjusted value of invested capital (AVIC) and its elements. The hearings examiner rejected Consumers' calculation of AVIC, finding the calculation was not founded on reliable data and there was no showing that Consumers' replacement cost calculations took into account current technology; and because the company failed to show its method for determining AVIC was reasonable, adequate and based on sound regulatory theory. Although the Commission concedes that Consumers' failure to carry its burden of showing AVIC would permit the Commission to dismiss the application, the Commission, instead, chose to order a

rate decrease based on evidence introduced by the agency's staff. The staff, however, provided evidence of only "total invested capital," rather than AVIC as required by PURA § 41(a), and the Commission determined only that factor in its final order.

■ Because PURA requires that the Commission consider AVIC when determining what constitutes a fair return, we conclude the Commission's failure to do so was arbitrary and capricious and constituted an abuse of discretion.

■ Furthermore, APTRA requires a final decision to "include findings of fact and conclusions of law, separately stated." APTRA § 16(b). "Findings of fact, if set forth in statutory language, must be accompanied by a concise and explicit statement of the underlying facts supporting the findings." *Id.* This section is interpreted to require findings of underlying fact when an ultimate fact-finding embodies a mandatory fact-finding set forth in the relevant enabling act, or when the ultimate fact-finding represents a criterion the legislature has directed the agency to consider in performing its function. *Texas Health Fac. v. Charter Medical–Dallas,* 665 S.W.2d 446, 451 (Tex.1984); *Galveston County v. Texas Dept. of Health,* 724 S.W.2d 115, 125 (Tex.App.1987, writ ref'd n.r.e.).

■ The Commission did not recite in its final order any findings on the statutorily required criteria of AVIC or its elements as set out in PURA § 41(a). We conclude the omission was arbitrary and capricious.

The Commission asserts that PURA was amended in 1983 to require a reasonable rate of return based on "invested capital," and argues that a remand to the agency would be futile because the statute would require the agency to find exactly what it already found. This argument is without merit.

■ The 68th Legislature's amendments to PURA in 1983 contain a savings clause providing that the amendments apply "only to a proceeding in which the statement of intent or application is filed on or after the effective date of this Act." 1983 Tex.Gen. Laws, Ch. 274, § 2 at 1321. Because the amendments were effective on September 1, 1983, after Consumers' application of October 5, 1982, the Commission must follow the now-repealed provision requiring a finding of AVIC.

Consumers asserts in its seventh point of error that the Commission delayed this proceeding, resulting in a confiscation of property, and requests that this Court render judgment. APTRA § 19(e), however, requires a reviewing court to *remand* a case to the agency when its final order is reversed on judicial review.

We sustain Consumers' first two points of error, overrule its seventh point of error, and need not reach its remaining points.

The judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.