MOBIL2 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-053-CV





MOBIL PRODUCING TEXAS AND NEW MEXICO, INC.,



 APPELLANT


vs.





BASS ENTERPRISES PRODUCTION CO. AND RAILROAD COMMISSION OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 455,311, HONORABLE PETE LOWRY, JUDGE



 





PER CURIAM


 Mobil Producing Texas & New Mexico (Mobil) appeals the judgment of the district
court that affirmed the Railroad Commission's grant to Bass Enterprises Production Company
(Bass) of a permit to drill a well in the Brown-Bassett Field, Terrell County, Texas, as an
exception to the Railroad Commission's Statewide Rule 37. We will affirm the judgment of the
district court.

BACKGROUND


 Bass applied to the Commission for an exception to Statewide Rule 37 to permit
it to drill a well 660 feet from the nearest lease line, rather than the 1320 feet called for in this
field. Tex. Nat. Res. Code Ann. § 85.241 (1978). Three examiners (legal, technical, geologist)
held a hearing and on June 24, 1988, issued a proposal for decision (PFD) recommending denial
of the application. The PFD noted that Bass sought its permit to prevent waste and to prevent
confiscation. The examiners concluded that Bass failed to present any credible evidence to
support its contention on confiscation and failed to satisfy its burden of proof to show a need for
waste prevention. The examiners concluded that the Bass geological interpretation of the field was
"unreliable," "unproven," and "discredited." Bass filed exceptions to the PFD and a motion for
oral argument before the Commission. On October 10, 1988, after having heard oral argument
in the case on September 20, 1988, the Commission issued a final order granting the permit. The
order adopted some of the findings of fact and conclusions of law from the PFD and made some
substitute findings of fact and conclusions of law.

 Mobil brings four points of error: (1) the Commission order is not supported by
substantial evidence; (2) the trial court erred in sustaining a plea to the jurisdiction on one issue;
(3) the Commission acted arbitrarily and capriciously in reversing its examiners on matters
relating to technical opinion evidence; and (4) the Commission erred in failing to make a finding
comparing the proposed location to a regular location on the same tract. 


PLEA TO THE JURISDICTION


 In point of error two, Mobil complains that the trial court erred in sustaining the
plea to the jurisdiction as to this issue because its motion for rehearing sufficiently delimited the
complaint raised in its trial court pleadings that the order was invalid because it did not contain
findings of fact or conclusions of law explaining why the Commission rejected the PFD. We
disagree.

 Under the Administrative Procedure and Texas Register Act, a motion for rehearing
must be filed in the agency before appealing to district court. Tex. Rev. Civ. Stat. Ann. art.
6252-13a, § 16(e) (Supp. 1991) (hereafter cited as APTRA and section number). The motion for
rehearing must include grounds of error sufficiently definite to apprise the agency of the error
claimed. United Savings Ass'n v. Vandygriff, 594 S.W.2d 163, 168 (Tex. Civ. App. 1980, writ
ref'd n.r.e.). A motion is sufficiently definite if it gives adequate notice of the alleged error in
order to allow the agency to correct the error or to prepare to defend its decision. Suburban
Utility Corp. v. Public Utility Comm'n, 652 S.W.2d 358, 365 (Tex. 1983). This court has
discussed the degree of specificity required in order to preserve a point for judicial review:


 [T]he complaining party must in his motion for rehearing set forth succinctly at
least two elements pertaining to each contention of error: (1) the particular finding
of fact, conclusion of law, ruling, or other action by the agency which the
complaining party asserts was error; and (2) the legal basis upon which the claim
of error rests.


Burke v. Central Education Agency, 725 S.W.2d 393, 397 (Tex. App. 1987, writ ref'd n.r.e.).

 Mobil's motion for rehearing at the Commission contained four sections labeled: 
"Introduction"; "Reasonableness of Commission's Decision on the Fact Questions"; "Exceptions
to Substitute Findings of Fact and Conclusions of Law"; and "Conclusion." In Mobil's motion
for rehearing, in the section labeled "Reasonableness of Commission's Decision on the Fact
Questions," Mobil said, "[a]lthough the Commissioners possess general discretion to disagree with
and reject the recommendations of Examiners, in this case where the geologic evidence presented
by Bass has been so clearly evaluated by the professional staff as technically unreliable, it is
arbitrary and unreasonable of the Commissioners to reject such evaluation." In its appellate brief,
Mobil argues that its trial petition in essence simply added the two words "without explanation"
to this sentence, and that these two words are "logically implied in the sentence as written." 
Therefore, Mobil contends that its motion for rehearing in the agency was adequate to defeat the
plea to the jurisdiction.

 One problem with Mobil's argument is that the two-word phrase "without
explanation" makes a significant difference in the meaning of the sentence. The sentence as
written logically implies that, under certain circumstances, the Commission absolutely cannot
reject a PFD without that action being arbitrary and unreasonable. Adding "without explanation"
to the sentence implies that in certain circumstances, the Commission may not reject a PFD 
without an explanation. Mobil's motion for rehearing does not explain however, exactly what that
explanation is, and how it differs from or fits into the scheme for findings of fact developed in
APTRA and case law. Without more specificity, the motion for rehearing did not serve its
purpose of allowing the agency to correct a mistake or defend its action.

 Even if we consider the two sentences to have the same meaning, the motion for
rehearing would still have been inadequate to preserve error. This section is vague about the legal
basis upon which the claim of error rests. It states the general principle that although the
Commission has the general discretion to reject the PFD, under certain circumstances it must
provide an explanation. This section of the motion for rehearing does not elaborate further on
whether its legal basis for its claim is grounded in APTRA, existing case law, or is asking for an
extension of existing law. In any event, were we to consider the point on its merits, those merits
would overlap with our discussions of the other three points of error raised by Mobil, which we
will overrule. We overrule point of error two.



SUBSTANTIAL EVIDENCE



The Evidence at the Hearing


 Bass presented two witnesses at the hearing. No objection was made to Bass
tendering Mr. Zoller as an expert in petroleum geology or Mr. Platt as an expert in petroleum
engineering. Mr. Zoller had studied this particular oilfield since 1961 and had completed 15 field-wide studies involving over 2400 wells. Mr. Platt prepared several exhibits for the hearing based
on prior studies of the subject field, as well as his updates on these studies done by incorporating
more recent well information, well-completion data, production records, well-test information,
performance, flow, and permeability rates. 

 Mr. Zoller detailed the process by which he figured the directions of the faults and
the slope of the structure in order to arrive at the structure contour map of the field, admitted as
Exhibit Z-3. The field is an anticline (1), approximately twenty-two miles long, broken up by
numerous fault zones. On the exhibit, the fault zones under discussion were labeled A, B, C, D,
with A being the westernmost. Fault A cuts off the western seventy-one acres of the Bass unit,
the proposed well location, from the rest of the unit. All regular locations are to the east of fault
A. Mr. Zoller detailed the process by which he figured the direction of the faults and the slope
of the structure in order to arrive at the contour map.

 Mr. Platt then testified. He explained his permeability calculations and the
correlation with the map of the structure -- the higher on the structure the higher the permeability. 
He also said that the changes in reservoir pressure indicated that some drainage had taken place
from the reserves under the proposed location. He said that a well at a regular location would not
produce enough to offset the drainage under the proposed location because all regular locations
were in areas of low permeability and would not be capable of producing enough to even pay out
the well costs. He also said that a well at the proposed location would be able to recover oil from
areas in the eastern portion of the lease that would otherwise be unrecoverable by existing wells
at regular locations. 

 Mobil contends, in point of error one, that the Commission's order granting the
Bass application is not supported by substantial evidence. Under substantial evidence review, the
party challenging an agency order has the burden of proof to overcome the presumption that the
order is valid and supported by substantial evidence. Continental Cars v. Texas Motor Vehicle
Comm'n, 697 S.W.2d 438, 443 (Tex. App. 1985, writ ref'd n.r.e.). Substantial evidence means
more than a scintilla, but the evidence may preponderate against the agency position and the
record still show substantial evidence in support of the decision. Browning-Ferris v. Texas Dept.
of Health, 625 S.W.2d 764, 768 (Tex. App. 1981, writ ref'd n.r.e.). The reviewing court is
concerned with the reasonableness of the administrative order, not its correctness. Texas State
Board of Dental Examiners v. Sizemore, 759 S.W.2d 114, 117 (Tex. 1988), cert. denied, U.S.
 , 109 S.Ct. 2100 (1989). The reviewing court does not substitute its judgment for that of the
agency. Texas Health Facilities Comm'n v.Charter Medical, 665 S.W.2d 446, 452 (Tex. 1984). 
The issue is whether the evidence is such that reasonable minds could have reached the conclusion
that the agency must have reached to justify its decision. Id. at 453.

 Appellant argues that because the examiners found the evidence presented by Bass
unreliable, the Commissioners were bound by that finding. It was apparent from the vigorous
cross-examination of the witnesses that the preparation of this type of map and the interpretation
of the data gathered involves professional judgment and that more than one reasonable
interpretation of the same data may exist. Appellant argues that a "greater scrutiny" should be
used when the Commission's final order overrules a hearing examiners' PFD. However, a
number of Texas cases have been adjudicated in which the agency heads did not accept the
recommendations of the examiners, without a stricter standard of review being applied. See, e.g.,
Auto Convoy Co. v. Railroad Comm'n, 507 S.W.2d 718 (Tex. 1974); Sam Houston Electric
Coop. Inc. v. PUC, 733 S.W.2d 905 (Tex. App. 1987, writ denied); Continental Cars, 697
S.W.2d at 443. Similarly, in FCC v. Allentown Broadcasting Corp., 349 U.S. 358, 364 (1955),
the United States Supreme Court did not require "a very substantial preponderance of the
testimony" to be present when the agency rejected an examiner's credibility findings based on
demeanor of a witness. See also Pennzoil v. FERC, 789 F.2d 1128, 1135 (5th Cir. 1986)
(substantial evidence standard is not modified when the agency heads and its examiners disagree).

 We find that reasonable minds could have reached the conclusion that the agency
reached and so the decision is supported by substantial evidence. There is evidence in the record
that due to the structure the proposed well is necessary to recover hydrocarbons from under the
east part of the tract that would not otherwise be recoverable by an existing well or wells at
regular locations as well as recovering hydrocarbons from under the proposed western location
that are being subjected to drainage. The evidence supports the substitute findings of fact that
wells completed high on the structure have the best average permeability; that regular locations
(all east of fault A) would be in the lower part of the structure and would not be capable of
producing sufficient hyrocarbons to pay out the well costs; that a well in the portion west of fault
A would be higher on the structure and have a reasonable opportunity to encounter sufficient
permeability to produce in a quantity necessary to offset drainage; and that a well in the portion
west of fault A will prevent waste because it will be close enough to the area east of fault A to
recover hydrocarbons from the area which would otherwise go unrecovered. These findings
support the conclusion of law that the well is necessary to prevent waste. We overrule point of
error one. 


ARBITRARY AND CAPRICIOUS


 In point of error three, Mobil contends that the Commission acted arbitrarily and
capriciously when it failed to accept the recommendation of the hearing examiners. APTRA
§ 19(e)(6). Mobil contends that the decision was made without the Commissioners being present
at the hearing to observe the witnesses or reading the record. The Commission, however, can
lawfully render a decision without personally hearing a witness testify. United States v. Raddatz,
447 U.S. 667, 681 (1980). There is no evidence that the Commission did not read the record. 
See Statement of Facts at 46. 

 Review under the "arbitrary and capricious" standard is limited and deferential. 
Examples of conduct that have been found to be arbitrary and capricious include: basing a
decision on legally irrelevant factors or failing to consider statutorily-mandated relevant factors
in making an agency's decision, Consumers Water v. Public Util. Comm'n of Texas, 774 S.W.2d
719, 721 (Tex. App. 1989, no writ); granting a certificate of service to a public utility for a
reason other than the statutorily defined reasons, Public Utility Comm'n v. South Plains Elec.
Coop., 635 S.W.2d 954, 957 (Tex. App. 1982, writ ref'd n.r.e.); in denying a permit, relying
on additional requirements neither expected by applicant nor proposed by staff, Starr Co. v. Starr
Indus. Serv. Inc., 584 S.W.2d 352, 355 (Tex. Civ. App. 1979, writ ref'd n.r.e.).

 In this case, we do not have arbitrary and capricious action. The Commission had
the record of the hearing and had oral argument in front of it. It issued a decision supported by
substantial evidence. That it reached a contrary conclusion to that of the examiners is not in and
of itself arbitrary and capricious. We overrule point of error three.



FINDINGS OF FACT AND CONCLUSIONS OF LAW 



 In point of error four, Mobil complains that the Commission failed to make a
specific finding of fact comparing the proposed location to a regular location on the same tract. 
Under APTRA:



 A final decision must include findings of fact and conclusions of
law, separately stated. Findings of fact, if set forth in statutory
language, must be accompanied by a concise and explicit statement
of the underlying facts supporting the finding.



APTRA § 16(b). Findings of fact "set forth in statutory language" refers to those findings that
are statutorily required; that is, those standards that the legislature has mandated that an agency
must adhere to in decision making. Charter Medical, 665 S.W.2d at 451. APTRA § 16(b)
requires a statement of underlying facts only when the ultimate findings embody mandatory fact
findings set out in the relevant enabling act. Id. at 451. To satisfy § 16(b), underlying findings
should be clear, specific, non-conclusory, and supportive of the ultimate findings. Id. at 452. 
Findings required by APTRA § 16(b) have three purposes: to indicate the agency has considered
all the evidence and facts; to inform the parties of the facts found in order for them to intelligently
prepare and present an appeal; and to assist the court in exercising its review function. Id. The
standard for reviewing statutorily-required findings is whether the reviewing court can fairly and
reasonably say that the underlying findings of fact support the statutorily-required ultimate
findings. The court will not set out an exact form by which agencies must make their findings. 
Id. 

 If an ultimate finding is not "expressed in statutory language" then APTRA § 16(b)
does not require a statement of underlying facts, even though judicial review "would be enhanced
if all general conclusions of an agency were accompanied by a statement of underlying facts." 
Id. Findings not required by statute are reviewed on the basis that the findings meet the statutory
requirement for separate findings of fact and that they are sufficient to support the Commission's
conclusions and order. Imperial American Resources Fund, Inc. v. Railroad Comm'n of Texas,
557 S.W.2d 280, 286 (Tex. 1977). The court does not possess authority to reverse an agency
order for its failure to find ultimate facts not required by statute. Lipsey v. Texas Dep't of
Health, 727 S.W.2d 61, 69 (Tex. App. 1987, writ ref'd n.r.e.). 

 In this case, Mobil fails to cite any statutory provision which directs the
Commission to make any particular findings of fact or conclusions of law before an application
for an exception to Rule 37 may be granted. Absent such legislative directives, there exist no
statutorily-required findings in a Rule 37 case, and appellate review of the final order is confined
to an examination whether the findings made are supported by substantial evidence. We may not
impose further requirements for specific findings or findings in a particular form. As discussed
above, the findings made are supported by substantial evidence. In addition, substitute finding
number 12 appears to make such a comparison. The finding said that no regular location would
produce in paying quantities and that a well on the proposed location would recover "otherwise
unrecoverable," i.e., by wells at regular locations, hydrocarbons. This appears to be a
comparison between the proposed location and a regular location by way of comparison of the
proposed location to all regular locations. We overrule point of error four.

 We affirm the judgment of the trial court.



[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed:  April 24, 1991

[Do Not Publish] 
1. [1] An anticline is a subsurface geological structure that rises to a rounded peak. 8 Williams
& Meyers, Oil & Gas Law at 45 (1987).