John W. MORGAN, Appellant,

v.

**EMPLOYEES' RETIREMENT SYSTEM
OF TEXAS, Appellee.**

No. 3–93–208–CV.

Court of Appeals of Texas,
Austin.

March 16, 1994.

David B. Pittard, Carroll Clarke Cook, Austin, for appellant.

Dan Morales, Atty. Gen., Christopher Maczka, Asst. Atty. Gen., Austin, for appellee.

Before POWERS, JONES and KIDD, JJ.

KIDD, Justice.

This is an appeal from a suit seeking judicial review of an order of appellee Employees' Retirement System of Texas ("ERS") denying appellant John W. Morgan's application for occupational disability retirement benefits. After a hearing, the district court granted the ERS's plea to the jurisdiction and dismissed Morgan's cause with prejudice for lack of jurisdiction. By its order, the district court found Morgan's motion for rehearing failed to preserve error because it was not sufficiently specific. Morgan appeals the dismissal. We will reverse the district court's order and remand the cause to the district court.

## BACKGROUND

Appellant John W. Morgan was hired by the Texas Department of Corrections ("TDC") in August 1982. When he was hired by TDC, Morgan was forty-four years old and had been employed previously as a roughneck on a drilling rig. On his application for employment with TDC, Morgan answered "yes" to a question regarding the presence of "physical handicaps, diseases, and disabilities," but failed to explain these conditions as instructed. Morgan testified at an appellate hearing before the ERS that prior to his employment, he orally clarified the extent of his disabilities to people at the TDC by informing them that he had sustained a back injury while working for his former employer.

Beginning in January of 1987, almost four and one-half years after being hired by TDC, Morgan claimed that he injured his back, in the course of his duties with TDC, while unloading a box of screws from a pallet in a TDC warehouse. After this occurrence he was unable to work for several weeks. In June of 1989, Morgan claimed he suffered another injury to his back and a hernia when he slipped on the steps at the TDC office while delivering paperwork regarding extension of his medical leave to the personnel department. On October 31, 1989, TDC terminated Morgan due to disability.

As a result of his termination, Morgan applied to ERS for disability retirement benefits. ERS denied these benefits based on a finding that Morgan's condition resulted from aggravation of a back injury that he had suffered before employment with TDC. Morgan appealed this decision to the ERS Board of Trustees. After a hearing, the hearing examiner upheld the original determination. The ERS Board of Trustees adopted the examiner's decision on August 29, 1991. Morgan then filed a motion for rehearing [1] which was overruled by operation

---

1. In the motion for rehearing, Morgan incorporated a memorandum brief in support of the

of law. Morgan sought judicial review within thirty days of that order. On February 24, 1992, ERS filed its plea to the jurisdiction and special exception requesting that the cause be dismissed with prejudice. ERS argued that Morgan's motion for rehearing lacked the requisite specificity. The district court granted the agency's plea to the jurisdiction and dismissed the cause with prejudice for lack of jurisdiction.

## DISCUSSION AND HOLDING

■ Morgan's sole point of error attacks the trial court's holding that his motion for rehearing before the ERS was insufficient to support the court's jurisdiction under sections 2001.145–.146 of the Administrative Procedure Act.[2] Morgan contends that his motion for rehearing gave the agency sufficient notice of the errors alleged in the decision.

■ The procedural prerequisites for judicial review of ERS decisions are governed by APA section 2001.145, which states that "a timely motion for rehearing is a prerequisite to an appeal in a contested case." APA § 2001.145. The purpose of this requirement is to insure that the aggrieved party has exhausted all administrative remedies before seeking judicial review of the agency's decision. *Lindsay v. Sterling*, 690 S.W.2d 560, 563 (Tex.1985). However, in drafting section 2001.145, the legislature was silent as to what a motion for rehearing must contain.

■ The purpose of a motion for rehearing is to put the agency on notice as to the errors the party seeking judicial review alleges. Thus, motions for rehearing must be "sufficiently definite" to apprise the agency of the errors claimed and allow the agency the opportunity to either correct the error or

prepare to defend it. *Suburban Util. Corp. v. Public Util. Comm'n*, 652 S.W.2d 358, 365 (Tex.1983). Furthermore, this Court has stated that APA section 2001.145 sets a standard of fair notice that requires the complaining party to set forth succinctly (1) the particular finding of fact, conclusion of law, ruling, or other action by the agency that the complaining party asserts was error; and (2) the legal basis upon which the claim of error rests. *Burke v. Central Educ. Agency*, 725 S.W.2d 393, 397 (Tex.App.—Austin 1987, writ ref'd n.r.e.). These two elements may not be supplied solely in the form of generalities. *Id.*

■ ERS claims that Morgan's allegations in his motion for rehearing are too general to identify the claimed error. We disagree. Unlike the complicated issues and vague motion for rehearing filed by the appellant in *Burke*, the facts of this case are comparable to the motion for rehearing reviewed in *Palacios v. Texas Real Estate Comm'n*, 797 S.W.2d 167, 169 (Tex.App.— Corpus Christi 1990, writ denied). In *Palacios*, the Corpus Christi Court of Appeals held that objections to the Texas Real Estate Commission's interpretation of a single provision of the Texas Real Estate License Act, made in a motion for rehearing, were sufficiently specific, where the only issue in the agency hearing was the application of the provision to the facts of the case. *Palacios*, 797 S.W.2d at 169. Likewise, the instant cause has but one point of contention: whether Morgan should receive disability retirement benefits despite a pre-employment back injury that may have contributed to his subsequent disabling injury. Morgan claims he suffered a new injury while working for TDC which changed his medical condition and caused his disability. ERS claims a pre-

---

motion. Originally, ERS objected to this incorporation claiming that documents incorporated by reference into motions for rehearing preserve no error. We addressed this issue in *Texas Water Comm'n v. Customers of Combined Water Sys. Inc.*, 843 S.W.2d 678, 682 (Tex.App.—Austin 1992, no writ) (holding that a motion for rehearing which referred to a proposal for decision by a hearing examiner was sufficiently definite). However, ERS voluntarily waived its objection to the incorporation of the brief in support and thus this issue is not before us.

2. All citations in this opinion are to the current Administrative Procedure Act rather than the former Administrative Procedure and Texas Register Act, because the recent codification did not substantively change the law. Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 47, 1993 Tex. Gen.Laws 583, 986 (Administrative Procedure Act, Tex. Gov't Code Ann. § 2001.001–.902) (West 1994) [hereinafter APA].

existing injury caused the disability. From this relatively simple conflict, ERS based its decision on sixteen findings of fact, and three conclusions of law.

Findings of fact one through six generally outlined the administrative history of the case through the conclusion of the agency hearing. Findings seven through nine discussed appellant's employment at TDC and the two incidents which resulted in his back injury. Findings ten through thirteen addressed Morgan's back problems and concluded that he had sustained a back injury in 1982, before his employment with TDC. Additionally, these findings stated that he had suffered from back and leg pain, as well as "degenerative disc disease, lumbar radiculopathy, herniated nucleus pulposus, and osteoarthritis" prior to his employment at TDC. Findings fourteen through sixteen concluded that Morgan's on-the-job accident merely aggravated the aforementioned pre-existing back problems. The agency concluded that the conditions did not result from inherent risks or hazards associated with his employment duties at TDC. Accordingly, the agency's three conclusions of law stated that Morgan's request for disability retirement benefits was denied because of its finding that Morgan's condition did not result from "a specific act or occurrence determinable by a definite time and place" or "an inherent risk or hazard" arising from his employment at TDC.

■ We hold that Morgan's motion for rehearing is sufficiently specific to apprise ERS of the errors claimed and to enable the agency to correct or prepare to defend against these claims. Morgan's motion specifically isolates and points out errors contained in the agency's findings of fact ten through fourteen and sixteen, and challenges each finding as being either immaterial to the agency's determination, unsupported by the evidence, or contradicted by numerous specific items of evidence.[3]

Similarly, Morgan specifically excepts to the agency's conclusions of law. Though Morgan formally makes the exceptions as a group, he does not supply the elements in the form of generalities. Morgan's motion for rehearing specifically attacks the substance of the agency's conclusions of law and gives a five-page analysis of why these conclusions are incorrect.

■ ERS also claims Morgan's motion for rehearing is insufficient because it disputes factual findings but fails to present valid legal objections to the agency's order. ERS argues that Morgan is required to state that the agency findings lack "substantial evidence" because that is the standard of judicial review. *See* APA § 2001.174. We disagree. The analysis contained in Morgan's motion for rehearing explaining the various ways in which the agency's findings are unsupported by the evidence is an acceptable legal objection at the *agency level.* Technical pleading requirements at the agency level in no way promote the policies behind the notice and specificity requirements for a motion for rehearing.

■ It is true that Morgan's motion for rehearing is not a form-book example of such a motion, but it achieves its purpose: it sufficiently informs the agency to which it is addressed of the errors alleged. Where the overall purpose of a motion for rehearing is achieved, we will not penalize a party for being unorthodox. This is especially true when the sanction results in the trial court's loss of jurisdiction and a complete denial of judicial review.

## CONCLUSION

For the aforementioned reasons, we sustain Morgan's point of error and on that basis reverse the trial court's judgment and

---

3. ERS contends that Morgan did not preserve his objection to finding of fact 15 by failing to include it specifically in his motion for rehearing. Finding of fact 15 states: "Appellant's disability is the result of the conditions described in finding of fact 12." Since it is clear that finding of fact 15 is derived directly from finding of fact 12,

and finding of fact 12 is specifically identified in Morgan's motion for rehearing, it logically follows that finding of fact 15 is identified as well. Thus, we hold error was preserved as to finding of fact 15 by Morgan's specific objection to finding of fact 12 in his motion for rehearing.

remand the cause to the district court for judicial review of the agency order.