*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# MEMORANDUM OPINION

No. 04-11-00557-CV

**TEXAS ALCOHOLIC BEVERAGE COMMISSION**,
Appellant

v.

Delores Delagoa **GUTIERREZ** d/b/a El Tesoro Bar,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-10449
Honorable Martha Tanner, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Rebecca Simmons, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:  August 8, 2012

REVERSED AND RENDERED

The Texas Alcoholic Beverage Commission ("the TABC") appeals from the trial court's judgment overturning a TABC order, which cancelled the Wine and Beer Retailer's On Premise Permit ("permit") and Retailer's On Premise Late Hours License ("license") of Dolores Delagoa Gutierrez d/b/a El Tesoro Bar ("Gutierrez").  The trial court found the revocation to be "an unreasonable result implicating an abuse of discretion" and remanded the case back to the TABC for further consideration in conformance with the trial court's judgment.  On appeal, the TABC

contends the trial court erred in overturning an order imposing an administrative penalty within the statutory authority of the TABC. We reverse the trial court's judgment and render judgment affirming the TABC's April 14, 2011 order cancelling Gutierrez's permit and license.

## BACKGROUND

Gutierrez held a permit and license issued by TABC for a bar in downtown San Antonio. In February 2010, a breach of the peace–a fight–took place at the bar, and a second, similar incident took place on April 17, 2012. Neither breach was reported to the TABC as required by law. While the TABC was investigating the first breach of the peace, it discovered Gutierrez, the record owner of the bar, was not actually in control of the premises; rather, her license and permit were being used by others to operate the bar.

The TABC cancelled Gutierrez's permit and the license pursuant to several provisions of the Texas Alcoholic Beverage Code ("the Code"), including sections 11.05, 11.61(b)(21), 61.71(a)(15), and 61.71(a)(31). Section 11.05 of the Code provides that a permittee may not consent to or allow her permit to be used by another person. TEX. ALCO. BEV. CODE ANN. § 11.05 (West 2007). Section 61.71(a)(15) essentially provides the same with regard to a license. *Id.* § 61.71(a)(15) (West Supp. 2011). Section 11.61(b)(21) provides a permit may be suspended or cancelled if "the permittee failed to promptly report to the commission a breach of the peace occurring on the permittee's licensed premises." TEX. ALCO. BEV. CODE ANN. § 11.61(b)(21) (West Supp. 2011). Section 61.71 provides a license may be suspended or cancelled for the same reason. *Id.* § 61.71(a)(31).

Gutierrez challenged the TABC's decision to cancel the permit and license, and the challenge was heard by an administrative law judge ("ALJ") with the State Office of Administrative Hearings. The ALJ, after considering the evidence, prepared a Proposal for

Decision in which he found the TABC's allegations to be true. With regard to the breaches of the peace, the ALJ found Gutierrez was negligent and her actions demonstrated "a wanton disregard for the safety and protection of [her] patrons and the public." The ALJ also noted the existence of five previous infractions of the Code, including two for allowing an intoxicated person to stay on the premises, and two for serving intoxicated persons. The ALJ recommended cancellation of Gutierrez's permit and license.

Thereafter, the TABC issued an order adopting the ALJ's Proposal for Decision and cancelling Gutierrez's permit and license. The TABC denied Gutierrez's motion for rehearing. Gutierrez appealed to the Bexar County District Court. *See id.* § 11.67(a), (b) (stating TABC order of suspension or cancellation may be appealed to district court of county where licensee or permittee resides and appeal shall be under substantial evidence rule).

The trial court entered a judgment in favor of Gutierrez, finding that although the violations alleged by the TABC were supported by substantial evidence, the cancellation was, under the totality of the circumstances, "an unreasonable result implicating an abuse of discretion." The trial court remanded the matter to the TABC "for further consideration, in conformance with this judgment, of the sanctions imposed." The TABC perfected an appeal to this court.

## ANALYSIS

The TABC challenges the trial court's judgment, arguing: (1) Gutierrez failed to preserve any complaint that the TABC abused its discretion in assessing the penalty of cancellation; (2) the trial court is without legal authority to overturn the penalty imposed because the violations are supported by substantial evidence; and (3) the trial court's decision to remand to TABC was an abuse of discretion. We shall address each complaint in turn.

### *Standard of Review*

Appeals from administrative decisions are reviewed under the substantial evidence rule. *Id.* § 11.67(b). Substantial evidence is evidence that is more than a mere scintilla and less than a preponderance of the evidence. *Garza v. Tex. Alcoholic Beverage Comm'n*, 138 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2004, no pet.). An administrative decision is reasonably supported by substantial evidence when "the evidence as a whole is such that reasonable minds could have reached the same conclusion the agency must have reached in order to justify its action." *Tex. Alcoholic Beverage Comm'n v. Sierra*, 784 S.W.2d 359, 360 (Tex. 1990) (citing *Tex. State Bd. of Dental Exam'rs v. Sizemore*, 759 S.W.2d 114, 116 (Tex. 1988)).

With regard to the sanctions imposed by an agency, the agency has broad discretion in deciding which sanctions best serve the statutory policies committed to the agency's oversight. *Allen-Burch, Inc. d/b/a The Fare v. Tex. Alcoholic Beverage Comm'n*, 104 S.W.3d 345, 352 (Tex. App.—Dallas 2003, no pet.). An agency's determination of an appropriate penalty for a violation of statutory policies under its oversight will not be reversed unless an abuse of discretion is shown. *Id.* "An order supported by substantial evidence can still be arbitrary and capricious if the agency failed to consider a factor the legislature directed it to consider, considered an irrelevant factor, or reached an unreasonable result." *Id.*; *Tex. Alcoholic Beverage Comm'n v. Top of the Strip, Inc.*, 993 S.W.2d 242, 252 (Tex. App.—San Antonio 1999, pet. denied).

### *Preservation of Error*

The TABC first argues Gutierrez did not preserve error for review because she failed to assert in her motion for rehearing that the TABC's penalty determination was an abuse of the

agency's discretion "under the totality of the circumstance" or under any other standard. We disagree.

In reviewing whether error was preserved for review of an agency decision, "[t]he motion [for rehearing] must set forth: (1) the particular finding of fact, conclusion of law, ruling, or other action by the agency which the complaining party asserts was error; and (2) the legal basis upon which the claim of error rests." *Tex. Alcoholic Beverage Comm'n v. Quintana*, 225 S.W.3d 200, 203 (Tex. App.—El Paso 2005, pet. denied); *BFI Waste Sys. of N. Am., Inc. v. Martinez*, 93 S.W.3d 570, 578 (Tex. App.—Austin 2002, pet. denied). Although both elements must be present in the motion for rehearing, neither requires briefing of the law or facts. *Quintana*, 225 S.W.3d at 203. However, the elements may not be set forth solely in the form of generalities. *Id.*; *Morgan v. Emp. Ret. Sys. of Tex.*, 872 S.W.2d 819, 821 (Tex. App.—Austin 1994, no writ). It is insufficient to simply state the order is not supported by substantial evidence. *Burke v. Cent. Educ. Agency*, 725 S.W.2d 393, 397 (Tex. App.—Austin 1987, writ ref'd n.r.e.).

The general purpose of a motion for rehearing is simply to put the agency on notice for the errors for which the aggrieved party seeks judicial review. *Morgan*, 872 S.W.2d at 821. The motion for rehearing needs to be "sufficiently definite" to apprise the agency of the claimed errors, and it must allow the agency the opportunity to correct the alleged error or defend it. *Id.* (citing *Suburban Util. Corp. v. Pub. Util. Comm'n*, 652 S.W.2d 358, 365 (Tex. 1983)). "However, the motion for rehearing need not comply with the 'technical niceties of pleadings and practice required in court trials.'" *Top of the Strip, Inc.*, 993 S.W.2d at 245 (citing *Suburban Util. Corp.*, 652 S.W.2d at 364).

In her motion for rehearing to the TABC, Gutierrez provided a list of specific errors and briefly explained why the TABC's allegations were not supported by the evidence. This is

sufficient to satisfy the first preservation element. *See Top of the Strip, Inc*., 993 S.W.2d at 245-46; *Martinez*, 93 S.W.3d at 822. Gutierrez also argued in her motion for rehearing that "each of the alleged violations is without any substantial basis in fact, and far outweighed by the mitigation surrounding the totality of the circumstance and events relating thereto." We hold this was sufficient to preserve for review Gutierrez's claim that the TABC's penalty determination was an abuse of the agency's discretion "under the totality of the circumstance" or under any other standard. *See Top of the Strip, Inc*., 993 S.W.2d at 245-46.

Although Gutierrez's motion for rehearing may not have complied with the "technical niceties of pleadings and practice required in court trials," as noted above, full briefing is not required; rather, it is sufficient to preserve error if the motion apprises the TABC of the claimed error, allowing the agency to defend it. *See Top of the Strip*, 993 S.W.2d at 245; *Morgan*, 872 S.W.2d at 822. We hold Gutierrez's motion for rehearing was sufficient to apprise the TABC of her claimed error. Accordingly, we hold error was preserved.

### *Authority to Overturn Penalty & Remand for Reconsideration*

The TABC contends that even if Gutierrez preserved her complaint that TABC abused its discretion in assessing the penalty of cancellation, the trial court erred in overturning the penalty and remanding for reconsideration because there was no abuse of discretion by the TABC in assessing the penalty of cancellation. We agree.

The trial court found the TABC's April 14, 2011 order to be supported by substantial evidence, and so stated in its judgment:

> The Court, after reviewing the record and hearing the arguments of counsel, ***finds that the violations precipitating the Commission Order of April 14, 2011, are supported by substantial evidence***, but that under the totality of the circumstances the penalty of complete license revocation is an unreasonable result implicating an abuse of discretion.

(emphasis added). Because the violations were supported by substantial evidence, the only question before the trial court was whether the TABC acted arbitrarily or capriciously in imposing the sanction of cancellation.

A sanction may be found arbitrary and capricious if the agency failed to consider a factor the legislature directed it to consider, considered an irrelevant factor, or reached an unreasonable result. *Allen-Burch, Inc.*, 104 S.W.3d at 352; *Top of the Strip, Inc.*, 993 S.W.2d at 252. Other courts have stated an agency acts arbitrarily if it makes a decision without regard to the facts, relies on facts not supported by the evidence, or if there is no rational connection between the facts and the decision. *Gerst v. Nixon*, 411 S.W.2d 350, 354 (Tex. 1966) (decision made without regard to facts); *Flores v. Emp. Ret. Sys. Of Tex.*, 74 S.W.3d 532, 542 (Tex. App.—Austin 2002, pet. denied) (facts not supported by evidence); *Starr County v. Starr Indus. Servs., Inc.*, 584 S.W.2d 352, 356 (Tex. App.—Austin 1979, writ ref'd n.r.e.) (no rational connection between facts and decision). In sum, a remand based on the arbitrary and capricious imposition of a penalty is required if the court concludes the agency "'has not actually taken a hard look at the salient problems and has not genuinely engaged in reasoned decision-making.'" *Starr County*, 584 S.W.2d at 356 (quoting *Tex. Med. Ass'n v. Matthews*, 408 F. Supp. 303, 305 (W.D. Tex. 1976)).

There is nothing in this record to show the TABC acted arbitrarily or capriciously. The TABC did not fail to consider factors required by the Legislature, nor did it consider irrelevant factors. Moreover, the sanction imposed does not appear unreasonable in light of the multiple violations and the past history established by the evidence. Rather, the decision was reasonable given the pattern of violations extending over the years. The evidence shows a refusal or inability by Gutierrez to operate the bar within the statutory parameters set for in the Code. We

hold the record shows the TABC took a "hard look" at the problems at the El Tesoro Bar and "engaged in reasoned decision-making." *See Starr County*, 584 S.W.2d at 356

Moreover, as the TABC points out, a permit under the Code is "a purely personal privilege and is subject to revocation or suspension if the holder is found to have violated a provision of this code or a rule of the commission." TEX. ALCO. BEV. CODE ANN. § 6.01 (West 2007). Thus, Gutierrez was on notice that a violation of the Code could result in the loss of her permit and license. As stated by the court in *Starr County*, "[t]he major factor that runs throughout arbitrary-capricious review cases is that the parties must be able to know what is expected of them in the administrative process." *Starr County*, 584 S.W.2d at 356. Gutierrez knew what was expected of her, compliance with the Code, yet she engaged in a pattern of Code violations. We hold the decision by the TABC to cancel Gutierrez's permit and license was not an abuse of discretion. Accordingly, given the absence of an abuse of discretion by the TABC, we hold the trial court erred in overturning the April 14, 2011 order cancelling Gutierrez's permit and license and remanding the matter back to the TABC for further consideration. We sustain the TABC's second and third issues.

### CONCLUSION

Based on the foregoing, we reverse the trial court's judgment and render judgment affirming the TABC's April 14, 2011 order cancelling Gutierrez's permit and license.

Marialyn Barnard, Justice