**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Yolanda QUINTANA d/b/a The Tap Bar and Restaurant Permit No. MB–426726 & LB–426727, El Paso County, Texas, (TABC Case No. 603891), Appellee.**

**No. 08–04–00297–CV.**

Court of Appeals of Texas, El Paso.

Nov. 30, 2005.

Brenda E. Brockner, Asst. Atty. Gen., Austin, for appellant.

Eduardo N. Lerma, El Paso, for appellee.

Before Panel No. 5 BARAJAS, C.J., McCLURE, and ABLES, JJ.

## *OPINION*

ANN CRAWFORD McCLURE, Justice.

The Texas Alcoholic Beverage Commission (the Commission) appeals from a judgment reversing its order which cancelled a mixed beverage permit issued to Yolanda Quintana d/b/a The Tap Bar and Restaurant (Quintana). We reverse and render judgment for the reasons that follow.

## FACTUAL SUMMARY

Quintana held a mixed beverage permit and mixed beverage late hours permit for the premises known as The Tap Bar and Restaurant. In 2003, the Commission issued Quintana a notice of hearing alleging two violations of the Texas Alcoholic Beverage Code: (1) permittee, her agent, servant, or employee was intoxicated on the licensed premises[1] on December 7, 2002 (Count 1)and (2) permittee, her agent, servant, or employee sold or delivered an alcoholic beverage to an intoxicated person[2] on July 12, 2003 (Count 2).

The evidence admitted at the administrative hearing showed that an employee of the licensed premises, Mariana Cordero, had been drinking at The Tap on December 7, 2002. Shortly after Cordero left the bar in her vehicle, she struck and killed a pedestrian. The arresting officer's conclusion that Cordero was intoxicated was confirmed by analysis of a blood sample showing that Cordero's blood alcohol concentration was .24, three times the legal limit.

In her brief filed with the administrative law judge (ALJ), Quintana argued that Cordero had not been drinking on the licensed premises, was not on duty when she appeared on the premises, and was not intoxicated. The ALJ rejected the argument that the Commission was required to prove that Cordero was on duty. The ALJ further found that the Commission had sustained its burden of proof for both alleged violations and recommended that Quintana's license and permit be canceled. On March 10, 2004, the ALJ issued a proposal for decision containing findings of fact and conclusions of law. On April 26, 2004, the Commission adopted the ALJ's findings and cancelled Quintana's license and permit.

Quintana timely filed a motion for rehearing alleging that "the evidence presented at trial does not support the cancellation and constitutes a harsh penalty." The Commission subsequently issued a notice to Quintana stating that her permits had been canceled and warning that the sale of alcoholic beverages under a void permit was a criminal violation. Quintana filed suit seeking judicial review. The Commission answered and filed a plea to the jurisdiction, contending that the trial court lacked subject matter jurisdiction to

---

1. Tex.Alco.Bev.Code Ann. § 11.61(b)(13)(Vernon Supp.2005).

2. Tex Alco.Bev.Code Ann § 11.61(b)(14).

hear any issues not preserved in Quintana's motion for rehearing.

Over the Commission's objections, the trial court considered Quintana's argument that Cordero was not on duty at the time she was intoxicated on the premises, and therefore, the Commission had not proven a violation of Section 11.61(b)(13). The court concluded that the term "employee" as used in Section 11.61(b)(13) requires evidence that the person was acting in the course and scope of employment. Because the evidence showed that Cordero was not on duty, the court found that Count 1 was not supported by substantial evidence. The court affirmed Count 2, but concluded that the penalty was excessive and remanded the matter to the Commission for assessment of a new penalty. The Commission appeals.

## SUFFICIENCY OF MOTION
## FOR REHEARING

■ In its first issue, the Commission contends that Quintana's motion for rehearing was not sufficiently specific to allow judicial review of whether Section 11.61(b)(13) requires proof that an employee is acting within the course and scope of employment or whether Count 1 was supported by substantial evidence. In administrative proceedings, a party must timely file a motion for rehearing as a prerequisite to appeal. TEX.GOV'T CODE ANN. § 2001.145 (Vernon 2000). The motion must be sufficiently definite to allow the agency to cure the error or defend the order. *Ray v. State Bd. of Pub. Accountancy,* 4 S.W.3d 429, 433 (Tex.App.-Austin 1999, no pet.); *Four Stars Food Mart, Inc. v. Texas Alcoholic Beverage Commission,* 923 S.W.2d 266, 270 (Tex.App.-Fort Worth 1996, no writ). The timely filing of a motion for rehearing is jurisdictional, but the sufficiency of its content goes solely to

the issue of preservation of error. *Hill v. Board of Trustees of the Retirement System of Texas,* 40 S.W.3d 676, 679 (Tex. App.-Austin 2001, no pet.).

■ The motion must set forth: (1) the particular finding of fact, conclusion of law, ruling, or other action by the agency which the complaining party asserts was error; and (2) the legal basis upon which the claim of error rests. *BFI Waste Systems of North America, Inc. v. Martinez,* 93 S.W.3d 570, 578 (Tex.App.-Austin 2002, pet. denied). To preserve error, both elements must be present in the motion, but neither requires a briefing of the law and the facts. *Id.* However, these two elements may not be supplied solely in the form of generalities. *Morgan v. Employees' Retirement System of Texas,* 872 S.W.2d 819, 821 (Tex.App.-Austin 1994, no writ). For example, it is insufficient to state that the order is not supported by substantial evidence. *Burke v. Central Education Agency,* 725 S.W.2d 393, 397 (Tex.App.-Austin 1987, writ ref'd n.r.e.).

The ALJ issued a twelve-page "Proposal for Decision" which detailed the procedural history of the case, summarized the evidence presented at the administrative hearing, stated the applicable law, analyzed the evidence, and set forth findings of fact, including the following:

4. On the evening of December 7, 2002, Respondent's employee, Mariana Cordero, was intoxicated on the licensed premises, the Tap Bar and Restaurant.

5. On December 7, 2002, Ms. Cordero was driving a Ford pick-up and struck a pedestrian at the corner of Campbell and Franklin, in downtown El Paso, shortly after leaving the Tap Bar and Restaurant.[3]

---

3. The pedestrian was killed.

6. On December 7, 2002, Ms. Cordero was detained by an El Paso police officer after the vehicle suspected of being involved in the hit-and-run was spotted by the police officer.

7. On December 7, 2002, Ms. Cordero was driving while intoxicated.

8. On July 12, 2003, an undercover operation was conducted by the Texas Alcoholic Beverage Commission at the Tap Bar and Restaurant, located at 408 East San Antonio Street, El Paso, El Paso County, Texas, 79901.

9. On July 12, 2003, The Commission Agent Salvador Morales observed Julio Lopez at the bar at the Tap Bar and observed Mr. Lopez to exhibit various clues of intoxication, including watery eyes, slow movement, and slumping over at the bar as if he were sleeping.

10. Agent Morales also observed Mr. Lopez to be drinking one beer, and to be served another.

11. On July 12, 2003, Mr. Lopez was intoxicated on the premises of The Tap Bar and did not have the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.

12. On July 12, 2003, Respondent's employees sold or delivered an alcoholic beverage to Mr. Lopez, an intoxicated person.

Based on these findings, the ALJ concluded that Quintana's permits were subject to cancellation and should be cancelled. The Commission adopted the findings of fact and conclusions of law and incorporated them into its order canceling Quintana's license and permit.

 In the motion for rehearing, Quintana alleged that:

Movant respectfully requests that the cancellation be reconsidered because the evidence presented at trial does not support the cancellation and constitutes a harsh penalty.

While Quintana's motion specified the ruling she asserted was error, namely, the cancellation of her license and permit, she did not challenge any of the specific factual findings forming the basis of the Commission's decision to cancel her permit and license. We conclude that Quintana's motion for rehearing is insufficient to preserve a complaint that the two violations found by the Commission (Count 1 and Count 2) are not supported by substantial evidence. *See Burke,* 725 S.W.2d at 397 (complaint made in motion for rehearing that state board erred by finding school district's decision was supported by substantial evidence was not sufficiently specific). Furthermore, if Quintana intended to appeal the Commission's legal conclusion that Section 11.61(b)(13) does not require proof that the employee was on duty or acting within the course and scope of employment, she was required to state this legal basis for the appeal in her motion for rehearing. Because Quintana did not do so, the trial court erred by addressing the issue. For these reasons, Issue One is sustained.[4]

## REMAND

In Issue Three, the Commission argues that even if Quintana preserved her complaint regarding Count 1 and the evidence is found to be insufficient as to that count, the trial court erred by concluding that cancellation of Quintana's permits is an inappropriate penalty for a single violation. It contends that the trial court should not have reversed the order or remanded the

---

**4.** Given our resolution of this issue, it is unnecessary to address Issue Two which pertains to whether Count 1 is supported by substantial evidence.

matter for reassessment of a different penalty. We agree.

If the law authorizes review of a decision in a contested case under the substantial evidence rule, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion. TEX.GOV'T CODE ANN. § 2001.174. In order to remand the case for further proceedings, the trial court was required to find that Quintana's substantial rights had been prejudiced because the administrative findings, inferences, conclusions, or decisions were:

· in violation of a constitutional or statutory provision,

· in excess of the agency's statutory authority,

· made through unlawful procedure, affected by other error of law,

· not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

· arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX.GOV'T CODE ANN. § 2001.174(2).

Here, the trial court found that substantial evidence supported one of the two violations, and additionally determined that cancellation of Quintana's mixed beverage and late night permits based on a single violation was "too harsh." Stated in terms of Section 2001.174(2), the trial court impliedly found that Quintana's substantial rights had been prejudiced because the Commission's decision to cancel the permits was arbitrary, capricious, characterized by abuse of discretion, or was a clearly unwarranted exercise of discretion.

■ Section 11.61(b) of the Texas Alcoholic Beverage Code vests the Commission with the authority and discretion to suspend for not more than sixty days or cancel a permit if it is found, after notice and hearing, that the permittee has been finally convicted of a violation of the Alcoholic Beverage Code. TEX.ALCO.BEV.CODE ANN. § 11.61(b)(1)(Vernon Supp.2005). An agency has broad discretion in determining which sanction best serves the statutory policies committed to the agency's oversight. *Allen–Burch, Inc. d/b/a The Fare v. Texas Alcoholic Beverage Commission*, 104 S.W.3d 345, 352 (Tex.App.-Dallas 2003, no pet.); *Fay–Ray Corp. v. Tex. Alcoholic Beverage Commission*, 959 S.W.2d 362, 369 (Tex.App.-Austin 1998, no pet.). An agency's decision in determining an appropriate penalty will not be reversed unless an abuse of discretion is shown. *Allen–Burch*, 104 S.W.3d at 352. An order supported by substantial evidence can still be arbitrary and capricious if the agency failed to consider a factor the legislature directed it to consider, considered an irrelevant factor, or reached an unreasonable result. *Allen–Burch*, 104 S.W.3d at 352; *Texas Alcoholic Beverage Commission v. Top of the Strip, Inc.*, 993 S.W.2d 242, 252 (Tex.App.-San Antonio 1999, pet. denied).

■ Quintana has not appealed the trial court's determination that Count 2 is supported by substantial evidence. The evidence related to that Count established that Quintana sold an alcoholic beverage to a patron who exhibited obvious signs of intoxication. In addition to that violation, the Commission considered that between 1998 and 2001 it had assessed administrative penalties against Quintana for seven separate violations of the Alcoholic Beverage Code:

· fire code violation—$2,250 fine/15 day suspension;

· sale of alcoholic beverage to a minor-$1,050 fine/7 day suspension;

· cash law violation—$750 fine/5 day suspension;

· cash law violation—$1,500 fine/10 day suspension;

· cash law violation—$3,750 fine/25 day suspension;

· sale of alcoholic beverage to a minor—$2,100 fine/14 day suspension; and

· sale to intoxicated person—$1,050 fine/7 day suspension.

The repeated violations evidence a disregard for the provisions of the Alcoholic Beverage Code and the sanctions imposed by the Commission. The most recent sale to an intoxicated person violation occurred despite the imposition of a total of $12,450 in fines and eighty-three days of license suspension. Under these circumstances, we are unable to conclude that the Commission acted arbitrarily or capriciously or abused its discretion by canceling Quintana's mixed beverage and late night permits. The trial court erred by reversing and remanding the Commission's decision for assessment of a different penalty. Issue Three is sustained. Having sustained Issues One and Three, we reverse the judgment of the trial court and render judgment affirming the Commission's order.

ABLES, J. (sitting by assignment).