**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Walter Roy HANCOCK d/b/a Capri Club, Appellee.**

No. 09–08–107 CV.

Court of Appeals of Texas, Beaumont.

Submitted Aug. 18, 2008.

Decided Oct. 9, 2008.

Greg Abbott, Atty. Gen., Michael C. Crowley, Asst. Atty. Gen., Austin, for appellant.

Allen Parker, The Parker Law Firm, Port Arthur, for appellee.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

**OPINION**

STEVE McKEITHEN, Chief Justice.

■ The Texas Alcoholic Beverage Commission denied a mixed beverage permit because the application filed by Walter Roy Hancock d/b/a the Capri Club did not contain a certificate from the City of Port Arthur that the location in the application is in a wet area. The trial court reversed the Commission's ruling because the Alcoholic Beverage Code provides that "[o]nce a permit is issued, the certification that the location or address is in a wet area may not be changed until after a subsequent local option election to prohibit the sale of alcoholic beverages." TEX. ALCO. BEV.CODE ANN. § 11.37(c) (Vernon 2007). We hold that the erroneous issuance of a mixed beverage permit does not effectively convert a dry area to a wet area without a local option election. Accordingly, we reverse the judgment of the trial court and affirm the Commission's decision.

In 1998, the Commission issued a mixed beverage permit to Monaco's Italian Cuisine, a business located at 8585 9th Avenue, Port Arthur, Texas. The parties agree that this location was dry at the time and that the permit issued in error. That permit expired in 2000. On May 13, 2006, a proposition for the legal sale of mixed beverages in restaurants by food and beverage certificate holders passed in a City of Port Arthur local option election. See TEX. ELEC.CODE ANN. § 501.035(b)(9) (Vernon Supp. 2008). Hancock applied for a beverage cartage permit, mixed beverage permit, and mixed beverage late hours permit. He did not apply for a food and beverage permit. The city secretary notified Hancock that her office could not certify that the place of business located at 8585 9th Avenue is in a wet area for a mixed beverage permit. The Commission subsequently denied Hancock's application for a permit, and Hancock appealed to the trial court. See TEX. ALCO. BEV.CODE ANN. § 11.67 (Vernon 2007); TEX. GOV'T CODE ANN. § 2001.176 (Vernon 2000). Reversing the Commission's ruling, the trial court ruled that "the location of 8585 9th Avenue is wet and thus qualifies for a Mixed Beverage Permit."

In two issues for appeal, the Commission contends the trial court erred as a matter of law in construing the applicable

statute to excuse Hancock's lack of compliance with the statute and contends that substantial evidence supports the Commission's finding that the Capri Club failed to obtain a certificate from the City of Port Arthur that it was located in a wet area. The Commission contends the trial court's jurisdiction is limited to a substantial evidence review of the Commission's ruling. *See* TEX. ALCO. BEV.CODE ANN. § 11.67(b). The Commission denied the permit because the city did not certify that the location of the Capri Club was in a wet area. In the trial court, Hancock presented no evidence that he had in fact obtained a certification from the city that the Capri Club is in a wet area. Because a certification from the city is a prerequisite to obtaining a permit, the Commission argues, the Commission's ruling is supported by substantial evidence and the trial court exceeded its jurisdiction in considering whether the city secretary's certificate was accurate. *See* TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000) (A court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion.).

According to Hancock, Section 11.37 of the Alcoholic Beverage Code refers to the status of the location, not the status of the permit. *See* TEX. ALCO. BEV.CODE ANN. § 11.37. Hancock contends that once a mixed beverage permit issued for 8585 9th Street, the designation cannot be converted from wet to dry without a local option election. Hancock argues the trial court correctly construed the statute to require a local option election to make dry a location for which a permit issued in error.

■ The parties present different constructions of section 11.37 of the Alcoholic Beverage Code. In construing a statute, we presume that compliance with the state constitution is intended. TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 2005). The Texas Constitution grants power to the Legislature to enact laws regulating the sale of mixed beverages, as follows: "The Legislature shall have the power to enact a Mixed Beverage Law regulating the sale of mixed alcoholic beverages on a local option election basis. The Legislature shall also have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors . . ." TEX. CONST. art. XVI, § 20(a). Thus, the constitution grants the power of regulation and grants the Legislature the power to pass laws allowing the sale of mixed beverages; however, that power is subject to the power of the people to authorize the sale of mixed beverages in the affected voting unit (here, a municipality). The Texas Constitution also describes the circumstances under which the Legislature may enact laws implementing the local option, as follows:

> The Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct or incorporated town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; and such laws shall contain provisions for voting on the sale of intoxicating liquors of various types and various alcoholic content.

TEX. CONST. art. XVI, § 20(b).

Consistent with the constitutional limit on legislative power, the Alcoholic Beverage Code provides that

> an authorized voting unit that has exercised or may exercise the right of local option retains the status adopted, whether absolute prohibition or legalization of the sale of alcoholic beverages of one or more of the various types and alcoholic contents on which an issue may be submitted under the terms of Section

501.035, Election Code, until that status is changed by a subsequent local option election in the same authorized voting unit.

TEX. ALCO. BEV.CODE ANN. § 251.72 (Vernon 2007); *see also* TEX. ELEC.CODE ANN. § 501.035 (Vernon Supp. 2008).

■ The local option election provides the sole mechanism for authorizing the legal sale of mixed beverages. *See id.* Section 11.37 of the Alcoholic Beverage Code merely requires a local option election to convert a wet location to dry status if a certificate has issued, thus providing some stability and protection for businesses established in wet areas; it does not provide a process for the Commission to authorize the legal sale of mixed beverages. *See* TEX. ALCO. BEV.CODE ANN. § 11.37. Such a process would circumvent the power reserved to the electorate by the state constitution.

■ In an appeal from an administrative ruling, the test "is whether the evidence as a whole is such that reasonable minds could have reached the conclusion that the agency must have reached in order to justify its action." *Tex. Alcoholic Beverage Comm'n v. Sierra,* 784 S.W.2d 359, 360 (Tex.1990) (quoting *Tex. State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988)). "Substantial evidence is more than a scintilla, but 'the evidence in the record actually may preponderate against the decision of the agency and nonetheless amount to substantial evidence.'" *Tex. Alcoholic Beverage Comm'n v. Top of the Strip, Inc.,* 993 S.W.2d 242, 249 (Tex.App.-San Antonio 1999, pet. denied) (quoting *Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc.,* 665 S.W.2d 446, 452 (Tex.1984)). "A reviewing court is not bound by the reasons given by an agency in its order, provided there is a valid basis for the action taken by the agency." *Charter Med.-Dal-*

*las, Inc.,* 665 S.W.2d at 452. Nonetheless, "[a]n order supported by substantial evidence can still be arbitrary and capricious if the agency failed to consider a factor the legislature directed it to consider, considered an irrelevant factor, or reached an unreasonable result." *Tex. Alcoholic Beverage Comm'n v. Quintana,* 225 S.W.3d 200, 205 (Tex.App.-El Paso 2005, pet. denied).

■ In this case, a permit was erroneously issued in a dry area and eventually expired. When Hancock applied for a mixed beverage permit for his business at the same location, the Commission denied the permit because the city secretary of the City of Port Arthur did not certify that the business was located in a wet area. The Commission's ruling is supported by evidence that the people of the City of Port Arthur have not authorized the sale of mixed beverages without a food and beverage permit and that the city secretary did not certify that the location of the Capri Club is in a wet area. Thus, the Commission could reasonably conclude that Hancock's application did not contain the required certification. The Commission may refuse to issue a permit if "the applicant will sell liquor unlawfully in a dry area or in a manner contrary to law[.]" TEX. ALCO. BEV.CODE ANN. § 11.46(a)(10) (Vernon 2007). Because section 11.37(c) of the Alcoholic Beverage Code does not create a wet location if the sale of mixed beverages has not been authorized in a local option election, the Commission neither failed to consider a factor the Legislature directed it to consider nor reached an unreasonable result.

We hold the Commission's ruling is supported by substantial evidence, and the trial court erred in ruling that the Commission's decision was arbitrary and capricious. We reverse the judgment of the trial court and render judgment affirming

the order of the Texas Alcoholic Beverage Commission.

REVERSED AND RENDERED.