In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-107 CV


____________________



TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant



V.



WALTER ROY HANCOCK d/b/a CAPRI CLUB, Appellee


 




On Appeal from the 60th District Court


Jefferson County, Texas


Trial Cause No. 212-A 






OPINION



 The Texas Alcoholic Beverage Commission denied a mixed beverage permit because
the application filed by Walter Roy Hancock d/b/a the Capri Club did not contain a certificate
from the City of Port Arthur that the location in the application is in a wet area. The trial
court reversed the Commission's ruling because the Alcoholic Beverage Code provides that
"[o]nce a permit is issued, the certification that the location or address is in a wet area may
not be changed until after a subsequent local option election to prohibit the sale of alcoholic
beverages." Tex. Alco. Bev. Code Ann. § 11.37(c) (Vernon 2007). We hold that the
erroneous issuance of a mixed beverage permit does not effectively convert a dry area to a
wet area without a local option election. Accordingly, we reverse the judgment of the trial
court and affirm the Commission's decision.

 In 1998, the Commission issued a mixed beverage permit to Monaco's Italian Cuisine,
a business located at 8585 9th Avenue, Port Arthur, Texas. The parties agree that this
location was dry at the time and that the permit issued in error. That permit expired in 2000. 
On May 13, 2006, a proposition for the legal sale of mixed beverages in restaurants by food
and beverage certificate holders passed in a City of Port Arthur local option election. See
Tex. Elec. Code Ann. § 501.035(b)(9) (Vernon Supp. 2008). Hancock applied for a
beverage cartage permit, mixed beverage permit, and mixed beverage late hours permit. He
did not apply for a food and beverage permit. The city secretary notified Hancock that her
office could not certify that the place of business located at 8585 9th Avenue is in a wet area
for a mixed beverage permit. The Commission subsequently denied Hancock's application
for a permit, and Hancock appealed to the trial court. See Tex. Alco. Bev. Code 
Ann. § 11.67 (Vernon 2007); Tex. Gov't Code Ann. § 2001.176 (Vernon 2000). Reversing
the Commission's ruling, the trial court ruled that "the location of 8585 9th Avenue is wet and
thus qualifies for a Mixed Beverage Permit."

 In two issues for appeal, the Commission contends the trial court erred as a matter of
law in construing the applicable statute to excuse Hancock's lack of compliance with the
statute and contends that substantial evidence supports the Commission's finding that the
Capri Club failed to obtain a certificate from the City of Port Arthur that it was located in a
wet area. The Commission contends the trial court's jurisdiction is limited to a substantial
evidence review of the Commission's ruling. See Tex. Alco. Bev. Code Ann. § 11.67(b). 
The Commission denied the permit because the city did not certify that the location of the
Capri Club was in a wet area. In the trial court, Hancock presented no evidence that he had
in fact obtained a certification from the city that the Capri Club is in a wet area. Because a
certification from the city is a prerequisite to obtaining a permit, the Commission argues, the
Commission's ruling is supported by substantial evidence and the trial court exceeded its
jurisdiction in considering whether the city secretary's certificate was accurate. See Tex. 
Gov't Code Ann. § 2001.174 (Vernon 2000) (A court may not substitute its judgment for
the judgment of the state agency on the weight of the evidence on questions committed to
agency discretion.).

 According to Hancock, Section 11.37 of the Alcoholic Beverage Code refers to the
status of the location, not the status of the permit. See Tex. Alco. Bev. Code Ann. § 11.37. 
Hancock contends that once a mixed beverage permit issued for 8585 9th Street, the
designation cannot be converted from wet to dry without a local option election. Hancock
argues the trial court correctly construed the statute to require a local option election to make
dry a location for which a permit issued in error.

 The parties present different constructions of section 11.37 of the Alcoholic Beverage
Code. In construing a statute, we presume that compliance with the state constitution is
intended. Tex. Gov't Code Ann. § 311.021(1) (Vernon 2005). The Texas Constitution
grants power to the Legislature to enact laws regulating the sale of mixed beverages, as
follows: "The Legislature shall have the power to enact a Mixed Beverage Law regulating
the sale of mixed alcoholic beverages on a local option election basis. The Legislature shall
also have the power to regulate the manufacture, sale, possession and transportation of
intoxicating liquors . . ." Tex. Const. art. XVI, § 20(a). Thus, the constitution grants the
power of regulation and grants the Legislature the power to pass laws allowing the sale of
mixed beverages; however, that power is subject to the power of the people to authorize the
sale of mixed beverages in the affected voting unit (here, a municipality). The Texas
Constitution also describes the circumstances under which the Legislature may enact laws
implementing the local option, as follows:

 The Legislature shall enact a law or laws whereby the qualified voters of any
county, justice's precinct or incorporated town or city, may, by a majority vote
of those voting, determine from time to time whether the sale of intoxicating
liquors for beverage purposes shall be prohibited or legalized within the
prescribed limits; and such laws shall contain provisions for voting on the sale
of intoxicating liquors of various types and various alcoholic content.


Tex. Const. art. XVI, § 20(b).


 Consistent with the constitutional limit on legislative power, the Alcoholic Beverage
Code provides that 

 an authorized voting unit that has exercised or may exercise the right of local
option retains the status adopted, whether absolute prohibition or legalization
of the sale of alcoholic beverages of one or more of the various types and
alcoholic contents on which an issue may be submitted under the terms of
Section 501.035, Election Code, until that status is changed by a subsequent
local option election in the same authorized voting unit.


Tex. Alco. Bev. Code Ann. § 251.72 (Vernon 2007); see also Tex. Elec. Code
Ann. § 501.035 (Vernon Supp. 2008).

 The local option election provides the sole mechanism for authorizing the legal sale
of mixed beverages. See id. Section 11.37 of the Alcoholic Beverage Code merely requires
a local option election to convert a wet location to dry status if a certificate has issued, thus
providing some stability and protection for businesses established in wet areas; it does not
provide a process for the Commission to authorize the legal sale of mixed beverages. See
Tex. Alco. Bev. Code Ann. § 11.37. Such a process would circumvent the power reserved
to the electorate by the state constitution.

 In an appeal from an administrative ruling, the test "is whether the evidence as a
whole is such that reasonable minds could have reached the conclusion that the agency must
have reached in order to justify its action." Tex. Alcoholic Beverage Comm'n v. Sierra, 784
S.W.2d 359, 360 (Tex. 1990) (quoting Tex. State Bd. of Dental Examiners v. Sizemore, 759
S.W.2d 114, 116 (Tex. 1988)). "Substantial evidence is more than a scintilla, but 'the
evidence in the record actually may preponderate against the decision of the agency and
nonetheless amount to substantial evidence.'" Tex. Alcoholic Beverage Comm'n v. Top of
the Strip, Inc., 993 S.W.2d 242, 249 (Tex. App.--San Antonio 1999, pet. denied) (quoting
Tex. Health Facilities Comm'n v. Charter Med.-Dallas, Inc., 665 S.W.2d 446, 452 (Tex.
1984)). "A reviewing court is not bound by the reasons given by an agency in its order,
provided there is a valid basis for the action taken by the agency." Charter Med.-Dallas,
Inc., 665 S.W.2d at 452. Nonetheless, "[a]n order supported by substantial evidence can still
be arbitrary and capricious if the agency failed to consider a factor the legislature directed
it to consider, considered an irrelevant factor, or reached an unreasonable result." Tex.
Alcoholic Beverage Comm'n v. Quintana, 225 S.W.3d 200, 205 (Tex. App.--El Paso 2005,
pet. denied).

 In this case, a permit was erroneously issued in a dry area and eventually expired. 
When Hancock applied for a mixed beverage permit for his business at the same location,
the Commission denied the permit because the city secretary of the City of Port Arthur did
not certify that the business was located in a wet area. The Commission's ruling is supported
by evidence that the people of the City of Port Arthur have not authorized the sale of mixed
beverages without a food and beverage permit and that the city secretary did not certify that
the location of the Capri Club is in a wet area. Thus, the Commission could reasonably
conclude that Hancock's application did not contain the required certification. The
Commission may refuse to issue a permit if "the applicant will sell liquor unlawfully in a dry
area or in a manner contrary to law[.]" Tex. Alco. Bev. Code Ann. § 11.46(a)(10) (Vernon
2007). Because section 11.37(c) of the Alcoholic Beverage Code does not create a wet
location if the sale of mixed beverages has not been authorized in a local option election, the
Commission neither failed to consider a factor the Legislature directed it to consider nor
reached an unreasonable result.

 We hold the Commission's ruling is supported by substantial evidence, and the trial
court erred in ruling that the Commission's decision was arbitrary and capricious. We
reverse the judgment of the trial court and render judgment affirming the order of the Texas
Alcoholic Beverage Commission.

 REVERSED AND RENDERED.


 

 ______________________________

 STEVE McKEITHEN

 Chief Justice

Submitted on August 18, 2008

Opinion Delivered October 9, 2008


Before McKeithen, C.J., Kreger and Horton, JJ.