

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| YANMEI MORALES, | § | No. 08-22-00219-CV |
| Appellant, | § | Direct Appeal from the |
| v. | § | Director of the |
| MOTOR VEHICLES DIVISION TEXAS DEPARTMENT OF MOTOR VEHICLES, | § | Department of Motor Vehicles |
| | § | MVD Case No. 22-0009875 |
| Appellee. | | |

**<u>MEMORANDUM OPINION</u>**

Yanmei Morales, pro se, appeals directly from the Final Order of the director (Director) of

the Motor Vehicle Division of the Texas Department of Motor Vehicles (DMV). *See* TEX. OCC.

CODE ANN. § 2301.751(a)(2)(providing for judicial review of a final decision).[1] Appellant asks us

to reverse the Director's order revoking her dealer's license and imposing a penalty. The DMV

responds that Morales never submitted a written request for a hearing, so the default final order

was proper, and Morales's motion for rehearing was insufficient to preserve error. We affirm.

---

[1] Although Appellant directly appealed to the Third Court of Appeals in Austin, the case was later transferred to this Court pursuant to the Texas Supreme Court's docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals under principles of stare decisis if our decision otherwise would be inconsistent with the precedent of that court. *See* TEX. R. APP. P. 41.3.

# I. BACKGROUND

Morales does business as Everlast Auto and holds a general distinguishing number (GDN) or license that authorizes her to be a vehicle dealer. *See* TEX. OCC. CODE ANN. § 2301.002(7), (17), (18); TEX. TRANSP. CODE ANN. § 503.021. In December 2021, an investigator from the DMV sought records from Morales under Title 43 of the Texas Administrative Code, § 215.144, regarding two vehicles purchased or sold at Everlast Auto. The parties dispute whether Morales responded to this request. On March 7, 2022, the DMV sent Morales a letter and a Notice of Department Decision (Decision), stating that its investigation of her business determined that she violated provisions of state laws. Specifically, the DMV alleged in the Decision that its investigation showed that Morales committed eight violations, which can be grouped into four categories. First, the following three violations are directly connected with the sale of a 2016 Jeep, on or about May 17, 2021: (1) failing to remit motor vehicle sales tax and failing to apply for the registration and title of the motor vehicle; (2) violating state laws concerning use of buyer's temporary tag to a motor vehicle that did not receive a passing state inspection within the previous 180 days; and (3) failing to keep complete records of the sale of the vehicle. Second, the following two violations are directly connected with the sale of a 2015 Nissan, on or about May 4, 2021: (1) failing to remit motor vehicle sales tax and failing to apply for the registration and title of the motor vehicle; and (2) violating state laws concerning use of buyer's temporary tag to a motor vehicle that did not receive a passing state inspection within the previous 180 days. Third, alleging she failed to file monthly Motor Vehicle Inventory Tax statements for each month of 2021. Fourth and finally, alleging, from January 1, 2021, through December 31, 2021, she did not file any monthly VITs while issuing 776 buyer's tags. The DMV recommended a civil penalty of $18,000 and revocation of Morales's dealer GDN.

Both the letter and the Decision informed Morales that she could discuss informal settlement, but she first must request an administrative hearing within 26 days from the date of the Decision, March 7, 2022. Both the letter and the Decision state that failure to request an administrative hearing within 26 days from the date of the Decision would result in the Decision's terms and sanctions becoming final. A form that could be used to request a hearing was enclosed in the letter with the Decision.

By March 14, Morales had contacted the enforcement attorney whose name was given in the letter and the Decision. Morales emailed the enforcement attorney over 20 times in the next 26 days, and most of the emails had attachments of documents Morales said supported her arguments against the Decision.

By letter dated July 27, 2022, Morales was informed that a final order had been issued in her case. The Final Order repeated the allegations against her, incorporated them as Findings of Fact, and stated in pertinent part:

Pursuant to [the Decision], it was alleged as follows:

. . . .

4. Respondent, a licensee, within the time and manner provided by law, failed to remit motor vehicle sales tax and failed to apply for the registration and title of the motor vehicle in connection with the sale of a 2015 Nissan, [VIN redacted] to [buyer] on or about 5/4/2021, in violation of TEX. TAX CODE § 152.0411 and TEX. TRANSP. CODE § 501.0234.

. . . .

7. Respondent, a licensee, failed to file or failed to file in a timely manner monthly Motor Vehicle Inventory Tax statements [VITs] for January 2021, February 2021, March 2021, April 2021, May 2021, June 2021, July 2021, August 2021, September 2021, October 2021, November 2021, and December 2021, violating TEX. TAX CODE § 23.122, constituting grounds for sanctions under TEX. TRANSP. CODE § 503.038(A)(10).

. . . .

FINDINGS OF FACT:

1. Respondent failed to submit in writing a request for hearing or to enter into a settlement agreement before the 27th day after the date of the Department's Decision.

. . . .

4. The factual allegations as cited in the Decision and as stated above are incorporated as facts in this matter.

The letter accompanying the Final Order informed Morales that she could file a motion for rehearing. It stated, "A motion for rehearing must: (1) include the specific reasons, exceptions, or grounds asserted by a party as the basis of the request for rehearing; and (2) recite the specific finding of fact, conclusion of law, or any other portion of the final order to which the party objects."

On July 27, 2022, the same day the Final Order was issued, Morales sent an email to the attorney reviewing the enforcement matter stating she did not agree with the facts listed, listing certain specific facts with which she disagreed and her responses to them, and asking why the findings said she did not submit a request in writing for a hearing. Morales also sent a document dated August 5, 2022, and titled "Request Rehearing" that was received by the DMV on August 11, 2022. In this request, Morales stated that she sent a completed hearing form to the enforcement attorney on March 12, 2022, to request a settlement. Morales also restated allegations four and seven from the Final Order, along with her responses to each, in the request. It is undisputed that Morales timely filed a motion for rehearing.

The DMV filed a response to Morales's motion for rehearing and the Director issued an Order Denying Motion for Rehearing on September 16, 2022. The Order states Morales timely filed motions for rehearing on July 27, 2022, and August 12, 2022.

4

Morales appealed the Final Order directly to the Third Court of Appeals in Austin, which was later transferred to this Court.

## II. DISCUSSION

Morales raises three issues on which she claimed the Director erred. Construed liberally, we consider the first issue to be a complaint that DMV's Final Order was issued without granting her a hearing. Second, Morales argues a 2015 Nissan that the DMV claimed was not in the VIT for August 2021 was actually included. Third, Morales claims she did timely file and pay her monthly and yearly VIT reports for the year 2021.

Responding to the first issue, the DMV argues the final order was correctly issued without a hearing because Morales did not request a hearing. As to the remaining issues, the DMV urges that Morales's motion for rehearing was insufficient to preserve error, and thus, we lack jurisdiction to conduct a judicial review of her complaints.

### A. Standard of review

When a party seeks judicial review of proceedings under Chapter 2301 of the Occupations Code, the appellate court reviews the agency's legal conclusions for errors of law and its factual findings for support by substantial evidence. *Dutchmen Mfg., Inc. v. Tex. Dep't of Transp., Motor Vehicle Div.*, 383 S.W.3d 217, 222 (Tex. App.—Austin 2012, no pet.); TEX. OCC. CODE ANN. § 2301.751(a). Judicial review of the agency's decision is governed by Chapter 2001 of the Texas Government Code and the rules of appellate procedure. *Atkins v. Tex. Dep't of Motor Vehicles*, No. 03-19-00964-CV, 2021 WL 5457223, at *2 (Tex. App.—Austin Nov. 18, 2021, no pet.) (mem. op.); TEX. OCC. CODE ANN. § 2301.751(c).

Section 2001.174 of the Government Code provides as follows:

If the law authorizes review of a decision in a contested case under the substantial evidence rule or if the law does not define the scope of judicial review, a court may not substitute its judgment for the judgment of the state agency on the weight of the evidence on questions committed to agency discretion but:

(1) may affirm the agency decision in whole or in part; and

(2) shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(A) in violation of a constitutional or statutory provision;

(B) in excess of the agency's statutory authority;

(C) made through unlawful procedure;

(D) affected by other error of law;

(E) not reasonably supported by substantial evidence considering the reliable and probative evidence in the record as a whole; or

(F) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

TEX. GOV'T CODE ANN. § 2001.174.

Whether an agency's factual determination meets the substantial-evidence standard is a question of law. *Tex. Comm'n on Env't Quality v. Maverick Cnty.*, 642 S.W.3d 537, 547 (Tex. 2022) (quoting *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000)). We are to consider whether any evidence supports the agency's determination. *Id.* (quoting *Pub. Util. Comm'n v. Tex. Indus. Energy Consumers*, 620 S.W.3d 418, 427 (Tex. 2021)). We are not to ask whether the agency's determination is correct, but whether a reasonable basis for the agency's decision can be found in the record. *Id.* (quoting *N.E. Indep. Sch. Dist. v. Riou*, 598 S.W.3d 243, 251 (Tex. 2020)). An agency's "findings, inferences, conclusions, and decisions . . . are presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise."

*Id.* (quoting *Tex. Health Facilities Comm'n v. Charter Med.-Dall., Inc.*, 665 S.W.2d 446, 453 (Tex. 1984)).

## B. Analysis

### (1) Jurisdiction

We address first the DMV's argument that we have no jurisdiction over this appeal. The DMV urges we lack jurisdiction for judicial review because Morales's motion for rehearing was insufficient to preserve error.

The authority cited by the DMV states, "Whether a motion for rehearing is filed timely is an issue of jurisdiction; whether the contents of a motion for rehearing are sufficient 'goes solely to the issue of preservation of error.'" *Tex. Comm'n on Env't Quality v. Barua*, 632 S.W.3d 726, 732 (Tex. App.—El Paso 2021, pet. denied), *cert. denied*, 143 S. Ct. 778 (2023). Regarding whether the sufficiency of the motion for rehearing deprives the trial court of jurisdiction, the Austin Court of Appeals has stated explicitly, "[T]he mere sufficiency or adequacy of a motion for rehearing filed with the agency—versus the failure to file one—does not deprive the trial court of jurisdiction, it only determines whether error has been preserved for judicial review[.]" *R.R. Comm'n of Tex. v. Polk Operating, LLC*, No. 03-17-00080-CV, 2018 WL 1004567, at *3 (Tex. App.—Austin 2018, no pet.) (mem. op.). A court conducting judicial review of an administrative decision generally has no jurisdiction if a complainant fails to exhaust administrative remedies. *See Hill v. Bd. of Trs. of the Ret. Sys. of Tex.*, 40 S.W.3d 676, 679 (Tex. App.—Austin 2001, no pet.); TEX. GOV'T CODE ANN. § 2001.171. An untimely-filed motion for rehearing will deprive the court of jurisdiction, but "the mere sufficiency or adequacy of a motion for rehearing does not deprive the [reviewing] court of jurisdiction." *Hill*, 40 S.W.3d at 679.

Accordingly, any insufficiency in Morales's motion for rehearing implicates only preservation of error, not the Court's jurisdiction over the matter. Having reached this conclusion, we turn next to address whether Morales's motion for rehearing preserved error on the points she raises here.

### (2) Preservation of error

In order to preserve error, a motion for rehearing "must set forth: (1) the particular finding of fact, conclusion of law, ruling, or other action by the agency which the complaining party asserts was error; and (2) the legal basis upon which the claim of error rests." *Barua*, 632 S.W.3d at 732. Neither of these elements must be accompanied by legal or factual briefing, but both elements must be present, and they may not be stated "solely in the form of generalities." *Id.* (quoting *Tex. Alc. Bev. Comm'n v. Quintana*, 225 S.W.3d 200 (Tex. App.—El Paso 2005, pet. denied)).

The Order Denying Motion for Rehearing indicates DMV treated both Morales's communications dated July 27, 2022, and her more formal motion as motions for rehearing. The record indicates Morales sent at least two emails, nine jpg photos, thirty pdf attachments, and eight png files on July 27 in support of her arguments against the allegations in the Final Order. Morales characterized these uploaded files as "all VIT files, Sales records for 2 particular these 2 vehicles, explanations for these 2 vehicles, Tag logs, Offices pictures." [2] In one of the July 27 emails, Morales stated, with respect to the issues she raised in her brief, and numbered corresponding to the allegations made against her in the Decision, as follows:

I don't agree some of facts listed on paper. I will go through from bottom:

No8, misused tags and did not file any monthly VIT for 2021.

---

[2] The communications from Morales contain numerous grammatical and spelling errors. We will forego noting each such error and instead generally note that all such errors reflected in these quotes appeared in the original communications.

I sent you all VIT for whole year 2021, Did you get them? I got them from County office with stamp on them. like I Said before, they told me Deadline is 10th monthly, so I submitted on before or 10th every month. I also sent you all tags log I printed and comments them.

No 7, failed to file or filed to file a timely manner VIT.
Same as what I said on No8.

No4. a license within the time and manner provided by low, failed to remit registration.
the reason for delayed was that, the car has overheated problem, customer took it back and forth, finally we fixed it.

In a separate document on Everlast Auto letterhead, dated August 5, 2022, Morales included the responses to the eight allegations that had been raised in her email of July 27. In the August 5 correspondence, Morales also addressed the fact that she had sent a completed hearing form to the DMV attorney on March 12 to request a settlement only to find out after receiving the Final Order on July 27 that the information she sent earlier had not been received.

The DMV's reply to Morales's motion for rehearing listed each of the factual allegations against Morales from the Decision, each of which was incorporated into the Final Order as Findings of Fact, plus what DMV called Morales's "explanation" in response to each point. These "explanations" from Morales came from an undated correspondence from her in which she reprinted the Final Order and inserted her responses after each of the allegations. In that document, she also stated as follows:

I sent Hearing form to [the enforcement attorney] on March 12 2022, but didn't follow up with her, I tried to do settlement with her. I have attached the email I sent I even left voice mail to her to check with her what papers are missing, didn't get call back, so I assumed she received all papers and forms. If I knew she didn't receive Hearing form, I would send her again, but I didn't know. And no reminder either.

9

The DMV's reply to Morales's motion for rehearing addressed several points to include Morales's failure to timely respond to the Decision by requesting a hearing, whether the Nissan at issue was included in the VIT reports, and whether Morales timely filed the 2021 VIT reports.

The DMV contends Morales did not assert any legal basis for her contentions of error. A sufficient motion for rehearing must set forth the particular finding of fact, conclusion of law, or other action the complainant asserts is erroneous and the legal basis upon which the claim of error rests. *Barua*, 632 S.W.3d at 732. Neither of these elements requires legal or factual briefing, but they cannot be put forth so generally that the agency does not have the "opportunity to correct the error or to prepare to defend it." *Id.*; *Lone Star R.V. Sales, Inc. v. Motor Vehicle Bd. of the Tex. Dep't of Transp.*, 49 S.W.3d 492, 502 (Tex. App.—Austin 2001, no pet.) (quoting *Suburban Util. Corp. v. Pub. Util. Comm'n of Tex.*, 652 S.W.2d 358, 365 (Tex. 1983)). "The standard is one of fair notice." *Vergo Patio Gardens, Inc. v. R.R. Comm'n of Tex.*, No. 03-19-00070-CV, 2022 WL 1193665, at *5 (Tex. App.—Austin April 22, 2022, no pet.) (mem. op.) (quoting *Scally v. Tex. State Bd. of Med. Exam'rs*, 351 S.W.3d 434, 445 (Tex. App.—Austin 2011, pet. denied)).

The DMV cites two cases for the proposition that Morales's motion for rehearing is insufficient to preserve error: *Barua* and *Quintana*. We determined in *Barua* that the complainant in that case only made the general statement that the allegations against him were false. *Barua*, 632 S.W.3d at 733. Further, we noted that the entire substance of Barua's appeal was not raised in his motion for rehearing. *Id.* In *Quintana*, we stated, "it is insufficient to state that the order is not supported by substantial evidence." *Quintana*, 225 S.W.3d at 203. We concluded in that case that although the complainant challenged the cancellation of her license, she did not challenge any of the specific findings of fact forming the basis of the cancellation. *Id.* at 204.

We find the information presented by Morales in her motion for rehearing to be sufficiently specific to give DMV fair notice of the issues she contested and to be unlike motions Texas courts have held to be insufficient, resulting in waiver. *See Davis v. Morath*, 590 S.W.3d 80, 93 (Tex. App.—Austin 2019), *aff'd in part, rev'd in part*, 624 S.W.3d 215 (Tex. 2021) (gathering cases on adequacy of motion for rehearing for preserving error); *Barua*, 632 S.W.3d at 733; *Quintana*, 225 S.W.3d at 203. Having determined Morales's motion for rehearing to be sufficient to preserve error, we proceed to consider the issues she raises.

### (3) Failure to grant a hearing

Liberally construing her first point, we believe Morales complains that DMV issued a Final Order without allowing her a hearing even though she timely responded to the DMV's Decision. This issue relates to the third Finding of Fact in the Final Order, which states: "Respondent failed to submit in writing a request for a hearing or to enter into a settlement agreement before the 27th day after the date of the Department's Decision."

A dealer's license may not be revoked unless the respondent is given an opportunity for a hearing. TEX. OCC. CODE ANN. § 2301.651(d). In order to obtain a hearing, a license holder must submit a written request for a hearing within 26 days after the date of the Notice of Department Decision. 43 Tex. Admin. Code § 215.500(e) (Motor Vehicle Distribution). If the license holder does not request a hearing or enter into a settlement agreement within 27 days of the Notice of Department Decision, the decision becomes final. *Id.* § 215.500(g).

Morales admits she received a copy of the Decision. The Decision stated:

> **If you wish to contest the allegations, recommended civil penalty, or other sanction you must first request an administrative hearing in writing. You may send your own request for hearing or use the Request for Administrative Hearing form included in this packet. Send your request for hearing to the following address**

11

[Name of enforcement attorney]
Attorney, Enforcement Division
Texas Department of Motor Vehicles
4000 Jackson Avenue
Austin, Texas 78731
(512) 465-1238
(512) 465-5650 Fax

**<ins>You must include your name and the MVD Docket Number appearing in the heading of this Decision in your request. The Department must receive your written hearing request not later than the 26th day after the date of this Decision.</ins>**

(Emphasis in original.) Further, the Decision stated that failure to request a hearing within 26 days of the date of the Decision would result in the Decision becoming final.

Morales states she sent all documents through the e-licensing online upload. She avers the hearing form requesting the hearing was sent to the wrong email address. Morales states she called to ask whether DMV received the form but no one answered. In the 26 days following the issuance of the Decision, Morales contacted the enforcement lawyer via email a number of times—with nearly all of those emails including attached documents—but none of her inquiries included or referred to a request for a hearing. Morales openly admits that the hearing form she attempted to send was provided by email, rather than by postal mail or other form of delivery to the physical address included in the Decision's instructions. She also conceded that she sent the request for hearing to the wrong email address. Morales acknowledged she bore responsibility to send the paperwork in a timely manner.

Despite all her contacts to the enforcement attorney, Morales did not submit a written request for a hearing on the allegations against her as is required by § 215.500 of the Administrative Code. *See* 43 Tex. Admin. Code § 215.500(e). On this record, we conclude the Final Order's third Finding of Fact is supported by substantial evidence.

12

We overrule Morales's first issue.

### (4)  Inclusion of the 2015 Nissan in VIT reports

In her second issue, Morales argues the DMV erred in determining that the Nissan at issue was not included in the VIT reports. When a dealer sells a vehicle, the dealer must apply, in the name of the purchaser, for the vehicle's registration, if it is to be registered, and title, and file any document necessary to accomplish that; and at the same time, pay any required sales tax. TEX. TRANSP. CODE ANN. § 501.0234(a).

This second issue corresponds to allegation four in the Final Order, incorporated there as a Finding of Fact, which states Morales failed to timely remit the VIT for a 2015 Nissan she sold on May 4, 2021, in violation of § 152.0411 of the Tax Code and § 501.0234 of the Transportation Code. *See* TEX. TAX CODE ANN. § 152.0411; TEX. TRANSP. CODE ANN. § 501.0234.

Morales claims this vehicle appears in the VIT for August 2021. This vehicle does appear to be on a VIT for August 2021, reflecting a sale date of August 23, 2021. However, this VIT was not filed until March of 2022.

In its reply to Morales's motion for rehearing, the DMV cited Morales's explanation about the failure to include the Nissan in the VIT. Explaining, Morales stated as follows:

> Customer came to lot to test driving in May, my employee took it to do inspected, I didn't check vir report, so assume inspection is done. sorry about that, I promose I will check inspection in person, then show car to customer, I sold 50 cars in May 2021, and did 50 Transfers in same month. Car had some mechanic problem but customer took it back several times, My mechanic replaced CrankShaft, 02 sensor, Camshaft sensor on 8/12/2022, that's why it as delayed. I sent repair receipts I promise it won't happen again.

DMV also referenced Morales's email of March 12 in which she stated, "it was sold on 5/4/2021, paper plate issued. then the car was over heated, customer returned it. I took it to my mechanic to

13

replace the head gasket. then customer came back on 8/23/2021 and took it. I bought from auction and have all records, it was in [redacted]."

Whether the Nissan was sold in May 2021 or August 2021, the VIT which Morales claims as corresponding to the vehicle was not filed until March 2022. That is well outside the time that a VIT is to be paid—on or before the tenth day of the month following the sale of the vehicle. *See* TEX. TAX CODE ANN. § 23.122(g). Allegation four from the Final Order, incorporated as a Finding of Fact, is supported by substantial evidence.

We overrule Morales's second issue.

### (5) Failure to file VITs throughout 2021

Through her third issue, Morales attacks the seventh allegation against her, incorporated as a Finding of Fact in the Final Order. That finding alleges that Morales failed to file or to timely file monthly VITs for each month of 2021, in violation of § 23.122 of the Tax Code and § 503.038(a)(10) of the Transportation Code. *See* TEX. TAX CODE ANN. § 23.122; TEX. TRANSP. CODE ANN. § 503.038(a)(10).

Morales claims she did file the 2021 VITs monthly and on time. She asserts she paid in cash and did not receive receipts. Morales claims at times she overpaid and received text messages from an employee of the tax office letting Morales know she would leave the overage for her at the tax office to be picked up the next time she came in.

The DMV argued in its response to Morales's motion for rehearing that Morales initially provided unsigned copies of the requested VITs. Later, however, Morales filed all the 2021 monthly VITs with the tax assessor collector's office on March 18, 2022.

Morales claimed in a March 12 email to the enforcement attorney that she submitted a pdf file to the tax assessor/collector through email and then paid the taxes in cash each month in order

14

to meet her monthly VIT obligations. The enforcement attorney informed her, though, via email on March 17, that the tax assessor/collector reported the deficient filings, and Morales would need to get file-stamped copies of the reports from that office. The file-stamped copies in the record indicate they were not filed until March 18, 2022, after the file-stamped copies were requested by the enforcement attorney, rather than monthly by the tenth of the month following the reported sales, as is required by the Tax Code. *See* TEX. TAX CODE ANN. § 23.122(g). As were the previous issues, this issue is also supported by substantial evidence.

We overrule Morales's third issue.

### III. CONCLUSION

We find that there is a reasonable basis in the record for each of the findings of fact challenged by Morales. *See Maverick Cnty.*, 642 S.W.3d at 547. Morales did not present evidence to overcome the presumption that the issues she raised were supported by substantial evidence. *See id.* For these reasons, we affirm the Final Order of the Director of the DMV.

GINA M. PALAFOX, Justice

April 20, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

15